2008 WY 9

**Raymond Dean BROWN, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**Nos. 06–251, S–07–0127.**

Supreme Court of Wyoming.

Jan. 30, 2008.

Representing Appellant: Diane M. Lozano, State Public Defender; Tina N. Kerin, Appellate Counsel; and David E. Westling. (Case No. 06–251) Pro Se (Case No. S–07–0127).

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Paul S. Rehurek, Senior Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

HILL, Justice.

[¶ 1]   On our own motion, we consolidated the two above-captioned appeals for purposes of their disposition.

[¶ 2]   On March 17, 2000, Appellant, Raymond Dean Brown (Brown), was adjudged guilty of the crime of operating an unlawful clandestine laboratory operation and misdemeanor possession of a controlled substance, after he entered nolo contendere pleas to those offenses.  During the proceedings in his case, and especially in the process of negotiating a plea agreement, Brown incriminated himself in several other crimes, in particular federal firearms violations.  A part of the plea bargain included a promise by the prosecuting attorney that Sweetwater County would not further charge Brown with crimes related to those matters.

[¶ 3]   Brown contends that the State violated the terms of his plea bargain/immunity promise, and he has attempted to litigate

that matter, with reams of paper, in the district court. The district court entered orders denying relief as to all of his claims. We will dismiss the appeals because the district court lacked jurisdiction to entertain Brown's claims and, thus, we too lack jurisdiction to consider them.

## ISSUES

[¶ 4] Brown raises this issue in Case No. 06–251:

1. The State's use of information obtained in a "proffer" for which Raymond Brown had been promised use and derivative use immunity as part of his plea agreement violated that plea agreement, and the court's refusal to grant relief from the judgment and sentence based on that plea agreement was an abuse of discretion.

In response, the State queries:

Did the district court have subject matter jurisdiction over [Brown's] W.R.C.P. 60(b) motion? If so, should [Brown] have been collaterally estopped from relitigating the issue of whether a violation of his plea agreement occurred and, in any event, does the record show a violation of the plea agreement.

In that case, Brown is represented by the Wyoming Public Defender, Appellate Counsel.

[¶ 5] In Case No. S–07–0127 Brown, acting *pro se,* contends:

1. The district court's order dated 5/10/2007 denying Mr. Brown's pro se "Motion Giving Notice That the Appeal Action (06–251) Has Been Mistakenly Docketed Prematurely before the Wyoming Supreme Court and Motion Seeking Appropriate Judicial Actions Consistent with the Protections Afforded by Procedural Due Process" was in contravention of W.R.APP.P. Rule 2.04; 2.02(a) and (b); and controlling authority, which deprived Mr. Brown of procedural due process and a complete record on appeal. Moreover, said order was not in compliance with W.R.C.P. Rule 52(a), being void of any relevant findings of fact and conclusions of law. Therefore, the denial of the motion was clearly erroneous and an abuse of discretion.

2. The district court's order dated 5/10/2007 denying Mr. Brown's "Renewed Motion Giving Notice of a Conflict of Interest with Current Counsel David Westling—Public Defender—Appellate Division and Renewed Request for Appointment of Substitute Counsel" was in contravention of W.R.Cr.P. Rule 44(b)(1) and 44(e)(2)(A) and (B). Therefore, the denial of the motion was clearly erroneous and an abuse of discretion. Moreover, the court failed to conduct an adequate inquiry into Mr. Brown's documented claim of a potential conflict of interest by affording an evidentiary hearing after being sufficiently apprised of the matter. Based on the totality of circumstances, this was an abuse of discretion.

3. The district court's order dated 5/10/2007 denying Mr. Brown's timely filed pro se "Motion to Alter or Amend Judgment Pursuant to W.R.C.P. 59" was based on inapposite Wyoming authority and therefore an abuse of discretion.

4. The district court's failure to timely resolve Mr. Brown's "Motion for Appointment of Counsel for Indigent the Defendant to Pursue Appeal Process—Pursuant to [Wyo. Stat. Ann.] § 7–6–104(a)(vi) (or applicable rule/statute)—or—Motion for Appointment of Paralegal Services on this Appeal Action" i.e., S–07–0127 was in contravention of W.R.Cr.P. Rule 44(a)(1) and 44(b)(1). Pursuant to the court's own advisement dated 12/06/2006 stating "I have no problem appointing appellate counsel for these—these motion[s] that he's filed in the district court," directly coincides with the court's order dated June 4, 2007 granting Mr. Brown's "Motion for Leave to Proceed in Forma Pauperis on Appeal," which specifically referenced and included attorney's fees. Therefore, based upon the totality of circumstances, the error raised herein is an abuse of judicial discretion.

5. The district court's failure to timely adjudicate Mr. Brown's "Motion for Judicial Notice of Adjudicative Facts Pursuant to Wyoming Rules of Evidence Rule 201," which was filed on 09/05/2006 and directly associated to Mr. Brown's issues on appeal

now pending before this Court in Case Number (06–251) and (S–07–0127) violates procedural due process, Rule 201(d), and further deprived Mr. Brown of a complete record for his appeals. Therefore, based upon the totality of the facts and circumstances of this case, the lower court has abused its discretion.

6. The Wyoming Public Defender's Office, Appellate Division—Attorneys Donna Domonkos' and David Westling's *abandonment* of their obligations as counsel of record to diligently advocate Mr. Brown's motions in the district court, which are directly associated with the matters on appeal in Case No. (06–251) and (S–07–127), constitutes blatant ineffective assistance of counsel.

In response, the State contends:

Did the district court have subject matter jurisdiction over the motions that were denied in the court's order of May 10, 2007? If so, did the court err in denying them?

## FACTS AND PROCEEDINGS

[¶ 6] Shortly after the State court proceedings associated with his plea agreement were concluded, Brown was charged with and convicted of several serious firearms crimes in Federal court: (1) Being a felon in possession of a firearm; (2) unlawfully possessing a machine gun; and (3) carrying a machine gun during and in relation to a drug trafficking crime. He was sentenced to 115 months for the first two counts and 360 months for the third, to be served consecutively.[1] *United States v. Brown,* 400 F.3d 1242, 1244–45 (10th Cir.2005) (the opinion was published on March 9, 2005). One of the issues Brown raised in that appeal was that the court erroneously failed to suppress, or grant a hearing regarding, statements Brown made in exchange for an implicit immunity agreement with state authorities. *Id.* at 1245. The Court of Appeals disposed of that issue with this discussion:

Mr. Brown next claims the district court should have suppressed statements that he

made to Wyoming state authorities on February 3, 2000, and should have held a hearing on the derivative use of the statements. He maintains that state authorities implicitly promised, in exchange for his providing information, not to facilitate other jurisdictions in using the statements against him. He claims that the state nevertheless passed along his statements to federal authorities, and that they essentially formed the basis of federal charges against him. Mr. Brown claims Special Agent Claman's recounting of his statements at trial helped prove Mr. Brown knew the gun was a machine gun for the purpose of 18 U.S.C. § 922. Although Mr. Brown filed a motion to suppress the statements, the district court reserved making a ruling and Mr. Brown did not renew the motion at trial or object to the introduction of the statements. We therefore engage in plain error review.

An exhibit filed by the government in response to Mr. Brown's motion to suppress included a report by Special Agent Claman, who was present during Mr. Brown's discussion with the state. The report noted Mr. Brown was informed that the purpose of the discussion was to assess what consideration he would be provided in exchange for his information, and that:

DCA [Deputy County and Prosecuting Attorney] Howard advised BROWN that information provided would not be used against him in state court proceedings. DCA Howard specifically stated that the terms of the proffer/interview were not binding on federal authorities nor authorities in any other state. DCA Howard further stated he had no authority to grant immunity in any charges that may be brought by federal authorities or authorities in any other state. DCA Howard did state that any state crimes that BROWN admitted to would not be prosecuted with the exception of any crimes of violence....

During Mr. Brown's plea discussion in state court, the parties engaged in the following dialogue with the court:

---

**1.** Eventually, Brown's federal sentences were reduced by 45 months. *United States v. Brown,* 212

Fed.Appx. 747 (C.A.10 (Wyo.2007)).

MR. PROKOS [prosecutor]: While under Wyoming law, your Honor, we can't specifically grant immunity, there—there was an agreement that we would not prosecute for any acts or wrongs that is use or derivative use of immunity that Mr. Brown testif[ied] to during his proffer or provided information regarding during his proffer. We won't prosecute him for any of those acts that he's admitted to.

COURT: Is he facing any federal charges?

MR. NELSON [defense attorney] ... we've had the matter for four months, and none have come forward, but he certainly could be charged federally ...

COURT: Mr. Brown, is this your understanding of the plea agreement?

DEFENDANT: Yes, Your Honor, it is. . . .

The record thus demonstrates the state prosecutor told Mr. Brown that any information he provided would not be used in state proceedings in Wyoming, and that Mr. Brown would not receive protection from federal charges. Mr. Brown expressly acknowledged that he understood these terms. His theory that the state's active role in passing along information in the face of its informal immunity agreement with him constitutes a violation of the plea agreement is not persuasive; here, disclaimers about the lack of federal immunity were clearly provided and Mr. Brown stated his understanding of such. The district court therefore did not err by permitting testimony regarding the relevant conversation or by failing to grant a hearing regarding its derivative use.

*Brown,* 400 F.3d at 1255–56.

[¶ 7]   On February 14, 2005, Brown filed a pleading in the Wyoming district court asking that he be permitted to withdraw his guilty plea under W.R.Cr.P. 32(d) because of the breach of his plea agreement and because that breach resulted in a manifest injustice. W.R.Cr.P. 32(d) provides:

(d) *Plea Withdrawal.*—If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. At any later time, a plea may be set aside only to correct manifest injustice.

[¶ 8]   On April 25, 2006, Brown filed a motion for relief from a final judgment under W.R.C.P. 60(b), which provides:

(a) *Clerical Mistakes.*—Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the Supreme Court, and thereafter while the appeal is pending may be so corrected with leave of the Supreme Court.

(b) *Other Reasons.*—On motion, and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding as provided by statute, or to grant relief to a party against whom a

judgment or order has been rendered without other service than by publication as provided by statute. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

[¶ 9]   These were both lengthy documents that rambled aimlessly for the most part, although Brown's clearly expressed complaint is that the State breached its plea agreement with him in the year 2000 by cooperating with the federal authorities, with respect to prosecutions against him in Federal court, which arose out of the same general facts and circumstances as his State crimes.

[¶ 10]   Brown posits, and it is true, that the Rules of Criminal Procedure provide in W.R.Cr.P. 1(a) that: ". . . In the event that a procedure is not established by these rules, the Wyoming Rules of Civil Procedure shall govern." However, our examination of the W.R.C.P. 60(b) motion will be brief because we are compelled to conclude that Rule 1, and Wyoming Rules of Civil Procedure are not properly invoked by Brown in this case.

[¶ 11]   On August 7, 2006, Brown added to the mix of his pleadings by filing a motion "Pursuant to W.R.C.P. 59(b) (or, any other applicable rule or statute)." W.R.C.P. 59(b) provides for new trials or the amendment of judgments in the context of civil litigation. In the context of criminal actions, of course, W.R.Cr.P. 33 provides for motions for new trial, and W.R.Cr.P. 34 provides for motions in arrest of judgment. Although Brown's pleadings have far exceeded the reach of their grasp, we get his point. He thinks he is entitled to some sort of substantive relief from the judgment and sentence imposed upon him, because the State participated peripherally in the proceedings against him in Federal court.

## DISCUSSION

[¶ 12]   The subject matter jurisdiction of a court is a question of law that is reviewed *de novo*. *Patrick v. State*, 2005 WY 32, ¶ 6, 108 P.3d 838, 840 (Wyo.2005). The proceedings in Brown's state criminal cases reached a point of finality on March 15, 2000. Almost five years later he filed a motion to withdraw his guilty plea in the State court, but he did not further pursue that motion. Taken as a whole, the record establishes that Brown did not actively pursue a remedy for the asserted breach of his immunity/plea agreement until April 25, 2006, six years after his State court sentencing. During that six-year period, Brown did not pursue a timely motion to withdraw his guilty plea, direct appeal, or post-conviction relief petition. Instead, he waited more than six years and then attempted to set aside the judgment in his case using an inapplicable rule of civil procedure that lacked the capacity to invoke the district court's jurisdiction.

[¶ 13]   In *Nixon v. State*, 2002 WY 118, ¶¶ 8–13, 51 P.3d 851, 853–54 (Wyo.2002), we presented this detailed discussion of the operative theories that apply in circumstances such as those presented by the instant case:

As explained below, this Court's precedent, as well as policy considerations including the interest in the finality of criminal decisions, mandate that such a motion to withdraw a guilty plea, filed after an appeal of right from a judgment and sentence has been concluded, cannot be considered by the district court because of a lack of jurisdiction over such matters. Further, because this Court enjoys no greater jurisdiction than that of the district court in such matters, this Court must dismiss this appeal for lack of subject matter jurisdiction in this Court.

## ANALYSIS

Rule 32(d) of the Wyoming Rules of Criminal Procedure addresses the withdrawal of guilty pleas:

(d) *Plea withdrawal*—If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. At any later time, a plea may be set aside only to correct manifest injustice.

Although this Rule does not, in and of itself, set a time limit for filing such a motion with the district court *after sentencing,* such a limit must exist as a logical corollary to the general rule that a case becomes final after judgment and sentence is entered and an appellate decision affirming the conviction has been made, or the time for taking an appeal expires without perfection of an appeal, or after the voluntary dismissal of such an appeal. *See Schuler v. State,* 771 P.2d 1217, 1220 (Wyo. 1989) (citing *Attletweedt v. State,* 684 P.2d 812 (Wyo.1984); *State v. Duswalt,* 153 N.J.Super. 399, 379 A.2d 1278 (1977)), for the proposition that a case is no longer pending after a final judgment (in Wyoming, that is the judgment and sentence) has been entered in the trial court. Unless a specific, express exception is created to this general rule by statute or court rule, a district court's jurisdiction to consider a motion to withdraw a plea—or any other motion not specifically provided for by statute or rule—ends when the case becomes final because of the expiration of the time for taking an appeal. In sum, once a criminal case becomes final pursuant to the general rule, a trial court loses the power to act in that case unless it is expressly permitted to do so by statute or court rule.

In fact, this Court and the Wyoming Legislature have provided specific methods in both statutes and court rules for seeking review of prior and otherwise final criminal proceedings. With two exceptions, both confined to challenging the jurisdiction of the trial court—correcting an illegal sentence pursuant to W.R.Cr.P. 35(a) and state habeas corpus relief pursuant to Wyo. Stat. Ann. §§ 1–27–101 et seq.—all available methods contain time limits for taking such actions. For instance, a motion for sentence reduction must be made within one year after the sentence is imposed or probation is revoked, or within one year after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one year after entry of any order or judgment of the Wyoming Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. W.R.Cr.P. 35(b). After expiration of that period, the district court no longer has jurisdiction to reduce a sentence. *Stewart v. State,* 654 P.2d 727 (Wyo.1982).

Similarly, Wyoming statutes provide two additional avenues for presenting a challenge of a conviction to a district court: by way of the post-conviction relief statutes at Wyo. Stat. Ann. §§ 7–14–101 through 108, and state habeas corpus relief at Wyo. Stat. Ann. §§ 1–27–101 through 134. Review by way of a petition for post-conviction relief must be filed within the five-year limitation period, and the scope of such review is strictly limited. Wyo. Stat. Ann. § 7–14–103 (LexisNexis 2001).

Review in a state habeas corpus action is not time limited, but is seriously limited in scope so that defendants may only raise a claim going to the subject matter or personal jurisdiction of the court. *Hovey v. Sheffner,* 16 Wyo. 254, 265–67, 93 P. 305, 307–08 (1908). This remedy is also unique in that the petition must be made to the court most convenient in distance to the petitioner. Wyo. Stat. Ann. § 1–27–104 (LexisNexis 2001). In other words, this particular remedy is not even a continuation of the criminal proceeding, but is a separate civil proceeding, so the continuing jurisdiction of the district court in the original criminal action is not of concern.

In short, except where there has been a remand following an appeal in a criminal case, or where one of the statutes or rules mentioned above otherwise expressly permits a district court to continue to assert jurisdiction over that criminal case, no authority exists for the court to act in the case—and its jurisdiction over the case should end—once the defendant's conviction has become final because of his exercise or forfeiture of his right to appeal from that conviction. *See Frenzel v. State,* 938 P.2d 867, 870 (Wyo.1997) (Thomas, J., dissenting), cert. denied, 522 U.S. 959, 118 S.Ct. 388, 139 L.Ed.2d 303 (1997) (recognizing the legislative mandate denying district courts jurisdiction to hear a second petition for post-conviction relief).

[¶ 14]   The remainder of the discussion in *Nixon* bears directly on the matters at issue here and we direct our readers' attention to it.  *Nixon*, ¶¶ 14–29, 51 P.3d at 854–59; also see *Taylor v. State*, 2003 WY 97, 74 P.3d 1236 (Wyo.2003).

## CONCLUSION

[¶ 15]   For reasons very much the same as those we explained in *Nixon* and *Taylor*, we conclude that the district court did not have jurisdiction to entertain the pleadings filed by Brown which are the subject of these appeals.   Because the district court lacked jurisdiction, we likewise lack jurisdiction.   The appeals are dismissed, and these matters are remanded to the district court with directions that the district court dismiss all of Brown's pleadings for lack of jurisdiction.   Furthermore, we determine that Brown has exhausted all of his state remedies with respect to the convictions at issue in this matter.   We authorize the district court to decline to permit the filing of any further papers from Brown, that relate to these convictions, unless Brown has first obtained the consent of the district court for such a filing.   Furthermore, we authorize the clerk of this Court to decline to file any papers submitted by Brown that relate to these matters without having first obtained the consent of the Court for such a filing. See *Amin v. State*, 2006 WY 84, ¶¶ 5–7, 138 P.3d 1143, 1144–45 (Wyo.2006).