2010 WY 54

**Terry E. NEIDLINGER, Sr., Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S–09–0096.

Supreme Court of Wyoming.

April 27, 2010.

Representing Appellant: Diane M. Lozano, State Public Defender; Tina N. Kerin, Appellate Counsel; Kirk A. Morgan, Senior Assistant Appellate Counsel.

Representing Appellee: Bruce A. Salzburg, Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Leda M. Pojman, Senior Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Appellant, Terry Neidlinger, Sr., appeals the district court's "Order Denying Defendant's Motion to Withdraw No Contest Plea." He contends that the district court abused its discretion in denying the motion. We conclude that the district court lacked subject matter jurisdiction to consider the motion and dismiss the appeal.

## ISSUE

[¶ 2] Mr. Neidlinger presents one issue:

Did the trial court abuse its discretion when it determined that manifest injustice did not exist permitting Appellant to withdraw his no contest plea after sentencing?

## FACTS AND PROCEEDINGS

[¶ 3] In February 2006, Mr. Neidlinger was charged with two counts of taking indecent liberties with a minor and one count of third-degree sexual assault. In August of 2006, he pled "no contest" to one count of indecent liberties. In exchange for the plea, the other two charges were dismissed. The district court sentenced him to three to five years of incarceration. The sentence was suspended and Mr. Neidlinger was placed on probation. Mr. Neidlinger filed a notice of appeal challenging the Judgment and Sentence. That appeal was docketed in this Court as No. 06–0292.

[¶ 4] Mr. Neidlinger was ordered to complete sex offender treatment as a condition of his probation, but he was terminated from the treatment program. In February 2007, the district court revoked his probation and reinstated the underlying prison sentence. Mr. Neidlinger filed a second notice of appeal challenging the probation revocation. That appeal was docketed in this Court as No. 07–0062. The two appeals were consolidated and determined in *Neidlinger v. State,* 2007 WY 204, 173 P.3d 376 (Wyo.2007). In that decision, we affirmed the conviction for indecent liberties and reversed the probation revocation. *Id.,* ¶¶ 9, 13, 173 P.3d at 378–79. On remand, the district court re-imposed probation.

[¶ 5] In August of 2008, Mr. Neidlinger filed a motion seeking discharge from probation. The matter was set for hearing, but the district court continued the hearing because Mr. Neidlinger was in federal custody, charged with falsely asserting he was a U.S. Marshal. The State again moved to revoke Mr. Neidlinger's probation.

[¶ 6] In February of 2009, after Mr. Neidlinger was convicted on the federal charge, the district court held a hearing on the motion for discharge from probation and the State's petition for revocation. On March 4, 2009, the district court issued an Order Denying Early Discharge from Probation and an Order Revoking Probation and Imposing Sentence. On February 4, 2009, Mr. Neidlinger filed a Motion to Withdraw No Contest Plea. The district court held a

hearing on the motion on February 26, 2009. The district court entered an Order Denying Defendant's Motion to Withdraw No Contest Plea on March 9, 2009. Mr. Neidlinger filed a timely notice of appeal.

## DISCUSSION

[¶ 7] Initially we note that, in his brief, Mr. Neidlinger states: "This case is an appeal from the Order Denying Early Discharge from Probation, Order Revoking Probation and Imposing Sentence, and Order Denying Defendant's Motion to Withdraw No Contest Plea." Despite this assertion, Mr. Neidlinger focuses his argument solely on the Order Denying Defendant's Motion to Withdraw No Contest Plea. To the extent that he challenges the other orders, he presents no argument whatsoever. We therefore summarily affirm the Order Denying Early Discharge from Probation and the Order Revoking Probation and Imposing Sentence.

[¶ 8] Mr. Neidlinger's primary argument concerning the denial of his motion to withdraw is that the trial court did not advise him that a plea of no contest was the functional equivalent of a guilty plea. He claims that because this distinction was not clearly explained, his plea was not voluntary. The State disputes Mr. Neidlinger's claim, but first asks us to determine whether the district court had subject matter jurisdiction to entertain the motion. Whether subject matter jurisdiction exists is a question of law that is reviewed *de novo*. *Patrick v. State*, 2005 WY 32, ¶ 6, 108 P.3d 838, 840 (Wyo. 2005).

Mr. Neidlinger sought to withdraw his plea pursuant to W.R.Cr.P. 32(d):

*Plea withdrawal.*—If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. At any later time, a plea may be set aside only to correct manifest injustice.

Although Rule 32(d) does not set a time limit for filing a motion to withdraw a plea after sentencing, we have previously recognized that a limit must exist in order to give effect to the general rule that a case is no longer pending after a judgment and sentence has been entered. *Nixon v. State*, 2002 WY 118, ¶ 9, 51 P.3d 851, 853 (Wyo.2002). Once a defendant's conviction is final because he has exercised his right to appeal, or the time for appeal has expired, the district court no longer has authority over the case. *Id.*, ¶ 13, 51 P.3d at 854. The district court only has jurisdiction to act if the case has been remanded or if a specific, express exception conferring jurisdiction is created by a rule or statute. *See, e.g.*, W.R.Cr.P. 35(a) & (b) (allowing a court to correct an illegal sentence at any time and reduce a sentence within specific time limits); Wyo. Stat. Ann. § 7–14–103 (LexisNexis 2009) (allowing a court to consider violations of constitutional rights if challenged within five years of the entry of judgment).[1] No specific, express exception provides the district court with jurisdiction to hear a motion to withdraw a plea after the time to appeal has run, or the conviction has been affirmed on appeal.

> [T]his Courts precedent, as well as policy considerations including the interest in the finality of criminal decisions, mandate that such a motion to withdraw a guilty plea, filed after an appeal of right from a judgment and sentence has been concluded, cannot be considered by the district court because of a lack of jurisdiction over such matters.

*Nixon*, ¶ 8, 51 P.3d at 853. *See also Brown v. State*, 2008 WY 9, 175 P.3d 1158 (Wyo. 2008).

The circumstances of this case are indistinguishable from those presented in *Nixon* and *Brown*. Mr. Neidlinger appealed his judgment and sentence on February 27, 2007. We affirmed his conviction and sentence in all respects. His motion to withdraw his no contest plea was filed nearly two years later. Because the motion to withdraw

---

1. Mr. Neidlinger sought relief pursuant to W.R.Cr.P. 32(d). It is doubtful, from the facts of this record, that a petition for post-conviction relief under Wyo. Stat. Ann. § 7–14–101, *et seq.*, would have been successful because the claim could have been raised in a prior direct appeal. *See* Wyo. Stat. Ann. § 7–14–103(a)(i).

the plea was untimely, the district court did not have jurisdiction to entertain the motion. This Court enjoys no greater jurisdiction than the district court in such matters. *Nixon,* ¶ 8, 51 P.3d at 853.

[¶ 11] The district court's Order Denying Early Discharge from Probation and Order Revoking Probation and Imposing Sentence are affirmed in all respects. Mr. Neidlinger's appeal of the district court's Order Denying Defendant's Motion to Withdraw No Contest Plea is dismissed for lack of subject matter jurisdiction.