# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 58

APRIL TERM, A.D. 2014

*May 7, 2014*

MARK W. HITZ,

Appellant
(Defendant),

v.

S-13-0190

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Laramie County*
*The Honorable Steven K. Sharpe, Judge*

*Representing Appellant:*
Mark W. Hitz, *pro se.*

*Representing Appellee:*
Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; and Caitlin Wallace, Assistant Attorney General.

*Before KITE, C.J., and HILL, BURKE, and FOX, JJ., and WALDRIP, D.J.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**HILL,** Justice.

[¶1]    Mark Hitz was placed on probation for a felony larceny conviction, subject to placement in an adult community correctional facility.  A little over a month after that placement, Hitz checked out of the facility and failed to return.  Hitz pled guilty to felony escape from official detention, his probation was revoked, and he was sentenced on both the larceny and escape convictions.

[¶2]    Approximately a year and a half after the district court reinstated Hitz's felony larceny sentence and imposed a sentence for the escape conviction, Hitz filed a combined Rule 35 motion for sentence reduction and motion for injunction.  Through the motion for injunction, Hitz sought an order enjoining the Wyoming Board of Parole from interpreting Wyoming law in a manner that would preclude him from parole eligibility.  The district court ordered that it lacked authority to rule on Hitz's Rule 35 motion on the ground that the motion was untimely, depriving the court of jurisdiction.  The court also ruled that it lacked jurisdiction to review the Board of Parole's interpretation of Wyoming law or to consider Hitz's request for injunctive relief.

[¶3]    We agree that the district court lacked jurisdiction to consider Hitz's combined motion.  Because the district court lacked jurisdiction, this Court likewise is without jurisdiction to consider this appeal. The appeal is thus dismissed.

## ISSUE

[¶4]    Hitz submitted a *pro se* appeal and did not include a statement of the issue.  The State framed the issue on appeal as follows:

> After a criminal case concludes, district courts retain limited jurisdiction over the defendant.  They can only consider the motions provided for in the Rules of Criminal Procedure and, for even these motions, the courts are restricted by the parameters the Rules establish.  For example, a motion for sentence reduction must be filed within one year of sentencing.  Did the district court properly deny Hitz's motion for sentence reduction as untimely and correctly deny his motion for lack of jurisdiction?

## FACTS

[¶5]    On December 23, 2010, Hitz pled guilty to felony larceny and was sentenced to a prison term of four to six years.  Hitz's prison sentence was suspended in favor of seven years of supervised probation, subject to the condition that he enroll in an adult

1

community correctional facility, the Cheyenne Transitional Center (CTC), that he obey all CTC rules, and that he successfully complete the CTC program.

[¶6] On March 31, 2011, Hitz began serving his sentence. On May 11, 2011, Hitz signed out of the CTC to attend a group session, failed to return to the facility, and was thereafter charged with felony escape. Hitz pled guilty to the escape charge, and pursuant to a plea agreement, the district court revoked Hitz's probation and imposed the previously suspended four to six-year prison sentence. On the escape conviction, the court sentenced Hitz to a term of one to three years imprisonment, to run concurrent with the larceny sentence.

[¶7] On April 25, 2013, Hitz filed a document entitled "Motion for Sentence Reduction 35(a) and Motion for Injunction." Through his combined motion, Hitz asked the district court to reduce his sentence on the escape charge and to enjoin the Wyoming Board of Parole from interpreting Wyo. Stat. Ann. § 7-13-402(b)(ii), "[a] prisoner is not eligible for parole on a sentence if, while serving that sentence he has . . . escaped . . . from any institution," in a manner that would bar Hitz from being granted parole. The district court denied Hitz's motion for a sentence reduction, holding that the court lacked authority to consider the motion because Hitz filed it outside the one-year period allowed for sentence reduction motions. The court also ruled that it lacked jurisdiction to review the Board of Parole's statutory interpretation or to consider Hitz's motion for an injunction.

## STANDARD OF REVIEW

[¶8] Whether subject matter jurisdiction exists is a question of law that this Court reviews *de novo*. *Kurtenbach v. State*, 2012 WY 162, ¶ 10, 290 P.3d 1101, 1104 (Wyo. 2012); *Neidlinger v. State*, 2010 WY 54, ¶ 8, 230 P.3d 306, 308 (Wyo. 2010).

## DISCUSSION

### A. *Motion for Sentence Reduction*

[¶9] Motions to correct or reduce a sentence are governed by Rule 35 of the Wyoming Rules of Criminal Procedure, which provides:

> (a) *Correction.* -- The court may correct an illegal sentence at any time. Additionally the court may correct, reduce, or modify a sentence within the time and in the manner provided herein for the reduction of sentence.
>
> (b) *Reduction.* -- A motion to reduce a sentence may be made, or the court may reduce a sentence without motion,

2

within one year after the sentence is imposed or probation is revoked, or within one year after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one year after entry of any order or judgment of the Wyoming Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision. The court may determine the motion with or without a hearing.

W.R.Cr.P. 35.

[¶10] On November 17, 2011, the district court entered orders sentencing Hitz in accordance with the plea agreement by which Hitz pled guilty to felony escape and agreed to the revocation of his probation on his felony larceny conviction. Hitz did not appeal the sentencing orders.

[¶11] On April 25, 2013, Hitz filed his motion for sentence reduction. Hitz's motion was filed well after the one year time period allowed for a motion to reduce a sentence. This Court has held that "[i]f a motion to reduce a sentence is filed outside of the prescribed time limits, the district court is deprived of jurisdiction to hear the motion." *Tomlin v. State*, 2001 WY 121, ¶ 6, 35 P.3d 1255, 1256 (Wyo. 2001) (citing *Reese v. State*, 910 P.2d 1347, 1348 (Wyo.1996)). We thus agree with the district court that it was without jurisdiction to consider Hitz's motion for sentence reduction.

[¶12] In an effort to avoid the time restrictions on a motion for sentence reduction, Hitz contends on appeal that his motion was intended to be a motion to correct an illegal sentence. The record does not support this argument. Hitz's motion did not assert that the district court imposed an illegal sentence and was instead focused on the actions of the Wyoming Board of Parole. Moreover, through his motion, Hitz specifically requested a sentence reduction and cited "mitigating facts" to support the requested reduction, including his behavioral record while incarcerated, his institutional employment, his efforts at restitution, his enrollment in educational programs, and his completion of case plan requirements. The motion was presented as a motion for sentence reduction and not as a motion to correct an illegal sentence.

[¶13] The district court correctly concluded that it was without jurisdiction to rule on Hitz's motion for sentence reduction on the basis that the motion was filed outside the time limits prescribed by Rule 35(b).

## B.    *Motion for Injunction*

[¶14]  In his second request for relief under his combined motion, Hitz asked the district court to enjoin the Board of Parole from interpreting its statutory authority in a manner that would preclude Hitz from parole eligibility.  We again agree with the district court that it was without jurisdiction to rule on Hitz's request for injunctive relief.

[¶15]  We have held:

> Once a defendant's conviction is final because he has exercised his right to appeal, or the time for appeal has expired, the district court no longer has authority over the case. The district court only has jurisdiction to act if the case has been remanded or if a specific, express exception conferring jurisdiction is created by a rule or statute.

*Kurtenbach*, ¶ 11, 290 P.3d at 1104 (quoting *Neidlinger*, ¶ 9, 230 P.3d at 308); *see also Lee v. State*, 2007 WY 81, ¶ 6, 157 P.3d 947, 949 (Wyo. 2007); *Nixon v. State*, 2002 WY 118, ¶ 13, 51 P.3d 851, 854 (Wyo. 2002).

[¶16]  Hitz's motion for injunctive relief was not directed at correcting an illegality in the sentence entered by the district court, and was thus not a motion provided for by Rule 35(a).  Nor is the motion one that is otherwise expressly provided for by rule or statute. The district court therefore properly ruled that it was without jurisdiction to consider the motion.  *See Kurtenbach*, ¶ 13, 290 P.3d at 1104 (holding district court lacked jurisdiction to consider "Motion to Execute Sentence" because motion was not one to correct an illegal sentence or a motion otherwise expressly provided for by rule or statute); *Lee*, ¶ 6, 157 P.3d at 949 (holding district court lacked jurisdiction because "the document before the district court in this instance is not a vehicle for any recognized legal remedy under [the] rules").

[¶17]  Because the district court lacked jurisdiction to rule on any part of Hitz's motion, this Court is likewise without jurisdiction to consider Hitz's appeal.

> Because the district court lacked subject matter jurisdiction to consider Kurtenbach's "Motion to Execute Sentence," this Court is without jurisdiction to consider this appeal. *See Neidlinger*, ¶ 10, 230 P.3d at 309 ("This Court enjoys no greater jurisdiction than the district court in such matters.").

*Kurtenbach*, ¶ 13, 290 P.3d at 1104.

## CONCLUSION

[¶18] We conclude that the district court was without subject matter jurisdiction to consider Hitz's combined motion for sentence reduction and injunctive relief and that, consequently, this Court is without jurisdiction to consider this appeal. The appeal is dismissed.