# IN THE SUPREME COURT, STATE OF WYOMING

## 2016 WY 15

OCTOBER TERM, A.D. 2015

**February 1, 2016**

MARVIN KENNETH SHUE,

Appellant
(Defendant),

v.

S-15-0187

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Laramie County*
*The Honorable Thomas T.C. Campbell, Judge*

*Representing Appellant:*

> *Pro se.*

*Representing Appellee:*

> *Peter K. Michael, Attorney General; David L. Delicath, Deputy Attorney General; Jenny Lynn Craig, Senior Assistant Attorney General; Caitlin F. Young, Assistant Attorney General.*

*Before BURKE, C.J., and HILL and KAUTZ, JJ., and DEEGAN and FORGEY, DJJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FORGEY, District Judge.**

[¶1]    Marvin Shue (hereinafter "Shue") filed a motion in the district court that can be read as both a motion to withdraw his guilty plea and a motion to reduce his sentence. The district court denied Shue's request to withdraw his guilty plea and concluded that it lacked jurisdiction to contemplate a sentence reduction. Shue now appeals the district court's decision. We find that the district court did not have jurisdiction to rule on Shue's motion and that we, as a result, do not have jurisdiction to consider Shue's appeal.

*ISSUE*

[¶2]    Shue did not include a statement of the issue on appeal in his appellate brief. The State phrases the issue as follows:

> Under Rule 35(b) of the Wyoming Rules of Criminal Procedure, a defendant may file a motion to reduce his sentence within one year after the entry of any order upholding a conviction. A defendant may move to withdraw his guilty plea until the conclusion of an appeal. Shue's motion for sentence reduction asking to withdraw his plea was filed after the deadlines to request such relief expired. Did the district court properly dismiss Shue's motion?

*FACTS*

[¶3]    In 2010, Shue was charged with two counts of first-degree sexual abuse of a minor and five counts of second-degree sexual abuse of a minor. The parties entered into a plea agreement by which Shue would plead guilty to one count of first-degree sexual abuse of a minor and the State would dismiss the remaining six charges. They further agreed to jointly recommend that the district court impose a twelve to twenty-two year prison sentence, and that this sentencing recommendation was not binding on the district court. Shue pled guilty on March 10, 2011, to one count of first-degree sexual abuse of a minor pursuant to the plea agreement. Shortly thereafter, Shue's trial counsel contacted the victim's mother

> and offered a $15,000 inducement (couched as "future restitution") in exchange for the mother's agreement to recommend to the Court that [Shue] receive a suspended sentence and no prison time. The offer was conditioned on the mother successfully persuading the District Attorney to go along with the no-incarceration recommendation. One of the stipulated hearing exhibits … is a recorded conversation in which [trial counsel] tells the mother, "The agreement would

1

have to be that the DA goes along with this. So it would be you and the DA agreeing to recommend a suspended sentence. If the DA won't do that, then it's really worthless for [Shue] to even try to do this, okay?" … [Trial counsel] knew that he could not offer money to the victim's family as that would be a clear ethical violation.[1]

On May 26, 2011, the district court sentenced Shue to serve twelve to twenty-two years in prison, consistent with the plea agreement. A written "Judgment and Sentence" was filed June 2, 2011.

[¶4]  Shue appealed his conviction to this Court. Shue's appellate counsel ultimately filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that Shue "felt coerced in accepting the plea deal" and "believed he received ineffective assistance of counsel because of the allegations that his trial counsel … improperly proposed to give money to the victim's family in exchange for their cooperation in providing any victim statement and at the Sentencing Hearing." After evaluating the legal merits of these claims, Shue's appellate counsel concluded that there were "no appealable issues"—the record supported that Shue had knowingly and voluntarily entered his guilty plea and his trial counsel's conduct did not prejudice Shue because the district court had sentenced him in accordance with the plea agreement. This Court notified Shue that his conviction would be affirmed unless he filed "a brief that persuaded this Court that the captioned appeal is not wholly frivolous" on or before May 11, 2012. *Shue v. State*, 2012 WY 73, ¶¶ 1-2, 277 P.3d 117, 117 (Wyo. 2012). Shue did not file "a brief or other pleading within the time allotted," so this Court affirmed his conviction and sentence. *Id.* This Court's mandate "affirming the judgment of the district court" was filed in the district court June 13, 2012.[2]

[¶5]  On December 30, 2014, Shue filed a "Motion for Sentence Modification or Reduction Under Newly Discovered Evidence and a New Feder[al] Ruling" claiming that his guilty plea was involuntary and that his trial counsel was ineffective due to the aforementioned misconduct. The motion was based on what Shue describes as "newly discovered evidence" in the form of this Court's 2012 decision to discipline Shue's trial counsel, the documentation accompanying that decision, and an October 15, 2014 federal ruling that "granted [Shue] ineffective assistance of counsel." He asked the district court to reinstate his right to a trial and to "modify his sentence from 1st degree sexual abuse of

---

[1] Shue's trial counsel was disciplined in 2012 for this misconduct. *Board of Professional Responsibility, Wyoming State Bar v. Custis*, 2012 WY 142, ¶¶ 1-8, 295 P.3d 334, 335 (Wyo. 2012).

[2] Shue proceeded to file numerous motions over the next few years, including multiple motions to reduce his sentence and petitions for post-conviction relief.

a minor to 3rd degree sexual abuse and [a] no less [than] 5 year and no more [than] 10 year sentence." The district court viewed the motion as both a motion to withdraw Shue's guilty plea pursuant to W.R.Cr.P. 32(d), and to reduce Shue's sentence pursuant to W.R.Cr.P. 35(b). The district court denied the request to withdraw Shue's guilty plea because Shue had not established "newly discovered evidence resulting in manifest injustice," and found that it did not have jurisdiction to consider a sentence reduction because Shue's motion was "untimely." Shue appealed the district court's decision to this Court.

## STANDARD OF REVIEW

[¶6]    Subject matter jurisdiction is the authority to hear and decide cases of the general class to which the proceedings in question belong. This Court has stated:

> It is fundamental, if not axiomatic, that, before a court can render any decision or order having any effect in any case or matter, it must have subject matter jurisdiction. Jurisdiction is essential to the exercise of judicial power. Unless the court has jurisdiction, it lacks any authority to proceed, and any decision, judgment, or other order is, as a matter of law, utterly void and of no effect for any purpose. Subject matter jurisdiction, like jurisdiction over the person, is not a subject of judicial discretion. … Subject matter jurisdiction either exists or it does not and, before proceeding to a disposition on the merits, a court should be satisfied that it does have the requisite jurisdiction.

*Terex Corp. v. Hough*, 2002 WY 112, ¶ 5, 50 P.3d 317, 320 (Wyo. 2002). "Whether a court has subject matter jurisdiction is a question of law, reviewed *de novo*." *Eckdahl v. State*, 2011 WY 152, ¶ 16, 264 P.3d 22, 27 (Wyo. 2011).

## DISCUSSION

[¶7]    The district court correctly recognized that Shue's December 30, 2014 motion can be read to request relief that implicates both W.R.Cr.P. 32(d) (motion to withdraw a guilty plea) and W.R.Cr.P. 35(b) (motion to reduce a sentence). There are time limits for filing these motions. W.R.Cr.P. 32(d) provides as follows:

> If a motion for withdrawal of a plea of guilty … is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. At any later time, a plea may be set aside only to correct manifest injustice.

3

In *Nixon v. State*, 2002 WY 118, ¶ 9, 51 P.3d 851, 853 (Wyo. 2002), we found that

> [a]lthough this Rule does not, in and of itself, set a time limit for filing such a motion with the district court *after sentencing*, such a limit must exist as a logical corollary to the general rule that a case becomes final after judgment and sentence is entered and an appellate decision affirming the conviction has been made, or the time for taking an appeal expires without perfection of an appeal, or after the voluntary dismissal of such an appeal.

(Emphasis in original.) Likewise, W.R.Cr.P. 35(b) states that a "motion to reduce a sentence may be made … within one year after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal."

[¶8] We have held that a failure to file a motion to withdraw a guilty plea and/or a motion to reduce a sentence within these time limits deprives a district court of its jurisdiction to consider such motions. In *Pfeil v. State*, 2014 WY 137, ¶¶ 1, 4-6, 336 P.3d 1206, 1208-09 (Wyo. 2014), Pfeil filed a motion to withdraw his guilty plea over sixteen years after he pled guilty to second-degree murder. This Court decided that the district court had properly determined that "Pfeil's motion to withdraw his guilty plea was too late because his conviction and sentence were final" and that the district court "did not have jurisdiction to address Mr. Pfeil's motion." *Id.*, ¶¶ 16, 22, 336 P.3d at 1212-13. In *Hitz v. State*, 2014 WY 58, ¶¶ 10-11, 323 P.3d 1104, 1106 (Wyo. 2014), Hitz filed a motion to reduce his sentence over seventeen months after the district court entered orders sentencing Hitz for escape and a probation violation. We concluded that Hitz's motion "was filed outside the time limits prescribed by Rule 35(b)" and that the district court in that case "was without jurisdiction to consider Hitz's motion for sentence reduction." *Id.*, ¶¶ 11, 13, 323 P.3d at 1106.

[¶9] Shue's December 30, 2014 motion in the instant case was untimely for two reasons. He asked to withdraw his guilty plea after his conviction became final in 2012, and he requested a sentence reduction more than one year after this Court's mandate affirming the district court's judgment was received by the district court. The district court, accordingly, did not have jurisdiction to rule on Shue's motion.

[¶10] On appeal, Shue seeks to avoid these time limits by claiming that his motion is based on "newly discovered evidence" that "was not known or reasonably available to [Shue] at the time of his court proceedings" and that "does show that [Shue] did receive ineffective assistance of counsel throughout ever[y] stage of his court proceedings." This "newly discovered evidence," according to Shue, is comprised of the 2012 disciplinary decision documentation and the October 15, 2014 federal ruling that Shue referenced in

4

his motion. Shue has failed to cite any pertinent legal authority indicating that the district court would have had jurisdiction to rule on his motion based on "newly discovered evidence." The record also does not support Shue's characterization of these documents as "newly discovered evidence," considering that

> 1)   Shue was aware of his trial counsel's misconduct, any alleged ineffectiveness that resulted from it, and any alleged coercion relative to Shue's guilty plea by the time the district court had imposed its sentence;

> 2)   Shue appealed his conviction to this Court and told his appellate counsel that he "felt coerced in accepting the plea deal" and that his trial counsel committed misconduct and was ineffective. Shue's appellate counsel evaluated these claims and determined that there were "no appealable issues," and Shue did not file an appellate brief contending otherwise;

> 3)   this Court published its disciplinary decision and accompanying documents in 2012 and it appears that Shue referenced these documents in a "Motion to Overturn and Dismiss" he filed in the district court May 23, 2013, which was within the time Shue could have properly filed a motion to reduce his sentence; and

> 4)   Shue did not provide the district court, or this Court, any meaningful details about the contents of the October 15, 2014 federal ruling to which he has referred, nor has he cogently argued on appeal how it supports his contentions.[3]

[¶11]  Because the district court did not have jurisdiction to rule on Shue's December 30, 2014 motion, this Court does not have jurisdiction to consider Shue's appeal, and the appeal is therefore dismissed. *See Nixon*, ¶ 30, 51 P.3d at 859; *Hitz*, ¶¶ 17-18, 323 P.3d at 1107.

---

[3] Shue also summarily asserts that the manner in which the district court decided Shue's December 30, 2014 motion violated his due process rights and that the district court "violated rule 60" for some unspecified reason. Shue does not present cogent argument or cite pertinent legal authority to support these arguments, so we will not consider them. *See Allen v. State*, 2002 WY 48, ¶ 72, 43 P.3d 551, 574 (Wyo. 2002); *Whitney v. State*, 2004 WY 118, ¶ 36, 99 P.3d 457, 470 (Wyo. 2004).