# IN THE SUPREME COURT, STATE OF WYOMING

## 2017 WY 70

APRIL TERM, A.D. 2017

June 14, 2017

ROMAN G. SANCHEZ,

Appellant
(Defendant),

v.

S-16-0245

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Uinta County*
*The Honorable Joseph B. Bluemel, Judge*

*Representing Appellant:*
Joshua J. Merseal, Laramie, Wyoming.

*Representing Appellee:*
Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Christyne M. Martens, Senior Assistant Attorney General.

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**FOX, Justice.**

[¶1]     Roman G. Sanchez filed a post-sentence motion to withdraw his no contest plea. The district court denied his motion and he appeals. This Court concludes that the district court did not have jurisdiction to consider the motion and that this Court likewise lacks jurisdiction to consider this appeal.

*ISSUE*

[¶2]     The dispositive issue is whether the district court had subject matter jurisdiction to consider Mr. Sanchez's Motion to Withdraw Guilty/No Contest Plea.

*FACTS*

[¶3]     Mr. Sanchez was charged with second-degree murder in 2008. He entered into a plea agreement and changed his plea of not guilty to no contest. At the change of plea hearing, before accepting a plea from Mr. Sanchez, the district court gave the necessary advisements, and Mr. Sanchez acknowledged that he understood his constitutional rights, the assessments he would have to pay, the collateral consequences of a conviction, and that the minimum sentence for second-degree murder was 20 years of incarceration and the maximum was life. The district court asked both the State and defense counsel if there was a plea agreement, and for reasons now unknown, both attorneys answered no. Mr. Sanchez then entered his plea of no contest, which the district court accepted.

[¶4]     Prior to sentencing, Mr. Sanchez filed a motion to withdraw his plea of no contest on the grounds that he felt "pressured into accepting the offer and was unaware of the consequences the plea would have." At a hearing on the motion, the district court discussed the previous change of plea hearing with Mr. Sanchez, reaffirming that Mr. Sanchez understood the consequences of entering the plea and that he did so voluntarily. Mr. Sanchez testified that he felt that had he not entered a plea, the State could possibly bring first-degree murder and kidnapping charges against him, as well as the second-degree murder charge. The district court explained to Mr. Sanchez that those additional charges could be appropriate under the circumstances. The prosecutor then clarified that "if there was a sentencing on the second degree murder charge, the State would not file any other charges against Mr. Sanchez dealing with this event at all." Mr. Sanchez subsequently withdrew his motion to withdraw his no contest plea.

[¶5]     At the sentencing hearing on June 20, 2008, the district court imposed a sentence of life with the possibility of parole. Mr. Sanchez did not appeal from his conviction. Eleven months later, Mr. Sanchez filed a Motion for Reconsideration of Judgment and Sentence Reduction, requesting that the district court modify his sentence from life with the possibility of parole to a term of no less than 20 years and no more than 25 years. Mr. Sanchez contended that it was "the current policy of the State not to reduce or commute a

1

life sentence at all," and without a bottom number, he would never become parole eligible as intended by his plea agreement. The district court found it lacked jurisdiction to consider the motion and denied it. Mr. Sanchez did not appeal.

[¶6]    On December 10, 2014, the State and counsel for Mr. Sanchez filed a joint motion to correct an illegal sentence, pursuant to W.R.Cr.P. 11(e) and 35(a), agreeing that Mr. Sanchez had not been sentenced in accordance with the terms of his plea agreement.[1] The parties stipulated that Mr. Sanchez had accepted a plea agreement where "he would plead to the charge of Murder in the 2nd Degree, contrary to W.S. §6-2-104, and the State of Wyoming would not file charges for kidnapping, felony murder or 1st degree murder,"[2] and explained that at the time of the plea agreement, all parties had the understanding that "the Parole Board would be able to consider the case for Parole at any time consistent with its rules." The parties later discovered that because Mr. Sanchez "was sentenced without a 'bottom number' or minimum term, he would never go in front of the Parole Board for consideration of parole after service of a certain number of years." The district court amended Mr. Sanchez's sentence to "no less than Forty-Five (45) years to Life Imprisonment With Possibility of Parole."

[¶7]    Mr. Sanchez did not appeal, but a year later, apparently dissatisfied with his stipulated sentence amendment, filed a Motion for Sentence Reduction, Motion to Vacate Illegal Sentence and Set for Resentencing and Motion to Withdraw Guilty/No Contest Plea, requesting that the district court either: "1) reduce his sentence for second degree murder from forty-five (45) years to life to twenty (20) years to twenty-five (25) years; 2) set aside the current sentence and set this case for resentencing; and/or 3) allow Mr. Sanchez to withdraw his guilty plea." The district court denied Mr. Sanchez's motion, finding that the amended sentence was not an illegal sentence and that his plea did not cause manifest injustice. Mr. Sanchez timely filed his notice of appeal.

## STANDARD OF REVIEW

[¶8]    "Whether subject matter jurisdiction exists is a question of law that is reviewed *de novo.*" *Neidlinger v. State*, 2010 WY 54, ¶ 8, 230 P.3d 306, 308 (Wyo. 2010); *see also Patrick v. State*, 2005 WY 32, ¶ 6, 108 P.3d 838, 840 (Wyo. 2005) ("[T]his Court reviews jurisdictional matters, which present questions of law, de novo."). "If the district

---

[1] The State argues on appeal that the original sentence was in fact legal and that the district court lacked jurisdiction to amend it, and requests that this Court void the Amended Judgment and Sentence and reinstate the original sentence. The district court ordered that the sentence be amended based on the State's assertion in the 2014 stipulation that the sentence was illegal. "[T]he law of the case doctrine guards the consistency of judicial decisions and states that 'a court's decision on an issue of law at one stage of a proceeding is binding in successive stages of the litigation.'" *Ultra Res., Inc. v. Hartman*, 2015 WY 40, ¶ 59, 346 P.3d 880, 901 (Wyo. 2015) (internal citation omitted). The State cannot change horses on this issue now.

[2] There is no written plea agreement in the record.

court lacked subject matter jurisdiction, this Court has jurisdiction on appeal, not on the merits, but only as to the jurisdictional issue." *In re HLL*, 2016 WY 43, ¶ 16, 372 P.3d 185, 189 (Wyo. 2016) (quoting *Harmon v. Star Valley Med. Ctr.*, 2014 WY 90, ¶ 14, 331 P.3d 1174, 1178 (Wyo. 2014)). The absence of subject matter jurisdiction makes dismissal the proper remedy. *Id.*

## DISCUSSION

[¶9] Mr. Sanchez contends that the district court abused its discretion when it denied his post-sentence motion to withdraw his guilty plea.[3] He argues that the district court failed to "ensure [his] plea was voluntar[il]y given when both the State and Defense counsel failed to inform the [district court] of the existence of a plea bargain." The State disputes Mr. Sanchez's claim, but asserts that courts are without jurisdiction to hear this appeal. "Subject matter jurisdiction is the authority to hear and decide cases of the general class to which the proceedings in question belong," and it is fundamental that "before a court can render any decision or order having any effect in any case or matter, it must have subject matter jurisdiction." *Shue v. State*, 2016 WY 15, ¶ 6, 367 P.3d 645, 647 (Wyo. 2016) (quoting *Terex Corp. v. Hough*, 2002 WY 112, ¶ 5, 50 P.3d 317, 320 (Wyo. 2002)). We find that the district court lacked jurisdiction to entertain Mr. Sanchez's motion, and because we have no greater jurisdiction, we dismiss the appeal.

**Did the district court have subject matter jurisdiction to consider Mr. Sanchez's Motion to Withdraw Guilty/No Contest Plea?**

[¶10] Mr. Sanchez sought to withdraw his no contest plea pursuant to W.R.Cr.P. 32(d):

> (d) *Plea Withdrawal*. If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. At any later time, a plea may be set aside only to correct manifest injustice.

While W.R.Cr.P. 32(d) does not set a time limit for filing a motion to withdraw a plea after sentencing, we have previously held "that a limit must exist in order to give effect to

---

[3] Mr. Sanchez appeals from the district court's order denying his Motion for Sentence Reduction, Motion to Vacate Illegal Sentence and Set for Resentencing and Motion to Withdraw Guilty/No Contest Plea, but abandons on appeal any argument related to the denial of the motion for sentence reduction, or to the contention that the sentence was illegal, and focuses solely on the denial of the motion to withdraw his no contest plea. "We have held that 'it is the content of the pleading and not the label which determines its nature and effect.'" *Inman v. Boykin*, 2014 WY 94, ¶ 12, 330 P.3d 275, 279 (Wyo. 2014) (internal citation omitted); *see also Hitz v. State*, 2014 WY 58, ¶ 12, 323 P.3d 1104, 1106 (Wyo. 2014) (looking to substance of motion to determine jurisdiction).

the general rule that a case is no longer pending after a judgment and sentence has been entered." *Neidlinger*, 2010 WY 54, ¶ 9, 230 P.3d at 308 (citing *Nixon v. State*, 2002 WY 118, ¶ 9, 51 P.3d 851, 853 (Wyo. 2002)). The district court no longer has authority over the case "[o]nce a defendant's conviction is final because he has exercised his right to appeal, or the time for appeal has expired." *Id.* It is well settled that failure to file a motion to withdraw a guilty plea within this time limit deprives a district court of its jurisdiction to consider such motions. *Shue*, 2016 WY 15, ¶ 9, 367 P.3d at 648 (motion to withdraw guilty plea two years after his conviction had become final was dismissed for lack of jurisdiction); *Neidlinger*, 2010 WY 54, ¶ 10, 230 P.3d at 308 (motion to withdraw guilty plea nearly two years after this Court affirmed his conviction and sentence in all respects was untimely, therefore the district court did not have jurisdiction to entertain the appeal). The circumstances of Mr. Sanchez's case are indistinguishable from this precedent. Mr. Sanchez did not exercise his right to appeal his conviction and upon the expiration of his time to appeal, Mr. Sanchez's conviction became final. Mr. Sanchez's December 8, 2015 post-sentence motion was therefore untimely, and the district court did not have jurisdiction to rule on Mr. Sanchez's motion.

## *CONCLUSION*

[¶11] We conclude that the district court was without jurisdiction to consider Mr. Sanchez's post-sentence motion to withdraw his guilty plea and that this Court also lacks jurisdiction beyond determining the district court had no jurisdiction. We therefore dismiss this appeal.

4