2002 WY 42

Preston Keith UMBACH, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 00–212.

Supreme Court of Wyoming.

March 20, 2002.

Sylvia Lee Hackl, State Public Defender; Donna D. Domonkos, Appellate Counsel, Representing Appellant. Argument by Ms. Domonkos.

Gay Woodhouse, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General, Representing Appellee. Argument by Mr. Pauling.

Before LEHMAN, C.J., and GOLDEN, HILL, KITE, and VOIGT, JJ.

GOLDEN, Justice.

[¶ 1] The Wyoming Legislature, through Wyo. Stat. Ann. §§ 7–13–1101 through –1107, has authorized the Wyoming Department of Corrections (Department) to impose an intensive supervision program (ISP) upon consenting probationers and parolees. That same statute authorizes the Department to impose administrative sanctions as an alternative to probation or parole revocation for probationers and parolees who violate ISP rules and restrictions. While on court-ordered probation, Appellant Preston Keith Umbach (Umbach) was placed in ISP by the Department and three times received a jail sentence as an administrative sanction. The State then requested that the trial court revoke his probation and impose a prison sentence for the same conduct for which the Department had imposed a jail sentence as an administrative sanction. At the time of his probation revocation hearing, Umbach filed a motion to dismiss, arguing that the statute did not allow the State to seek both an administrative sanction and probation revocation and the imposition of both constituted a double jeopardy violation. The trial court determined that the Legislature could not act to limit the court's authority to revoke probation for violation of its conditions of probation.

[¶ 2] The primary issue in this appeal is the effect of the statute on both the State and the court that has imposed probation. We hold that when the State chooses to place a probationer in ISP and then impose a jail sentence as an administrative sanction, the State may not also seek revocation of probation. Should the State choose to seek probation revocation rather than an administrative sanction, the statute's express terms do not limit the court's authority to determine whether its conditions of probation have been violated and revoke probation and impose a prison sentence.

[¶ 3] We reverse the trial court's order denying Umbach's motion to dismiss the request to revoke probation and remand this case for the district court to dismiss the petition to revoke probation.

## ISSUE

[¶ 4] The parties generally agree that the sole issue for our review is:

Whether Umbach was denied his constitutional right under the United States Constitution, Fifth Amendment, and the Wyoming Constitution, Art. 1 § 11, to be free from being placed twice in jeopardy?

## FACTS

[¶ 5] On January 23, 1998, when he was eighteen years old and still in high school, Umbach was arrested for burglary of a church. By plea agreement, he received first offender felony status and probation under Wyo. Stat. Ann. § 7–13–301. On August 3, 1998, he violated probation and his first offender status was revoked. He received a sentence of not less than one year nor more than three years at the Wyoming State Penitentiary. This sentence was suspended, and Umbach was placed on probation.

[¶ 6] In February 1999, Umbach tested positive for both methamphetamine and marijuana and admitted to having consumed both earlier in the month. The Department placed him in the intensive supervision program authorized under Wyo. Stat. Ann. § 7–13–1102. As a condition of his ISP, Umbach agreed that he would remain drug and alcohol free. On October 28, 1999, a breath test requested by an ISP agent confirmed that Umbach had consumed alcohol. On December 28, 1999, a urinalysis requested by an ISP agent confirmed that Umbach had consumed marijuana. On April 20, 2000, a urinalysis requested by Wyoming Division of Probation and Parole confirmed that Umbach had consumed amphetamine and methamphetamine. ISP conducted a formal sanction hearing for all of the above misbehaviors, and Umbach admitted violating the ISP condition that he would remain drug and alcohol free. He received a five-day jail sentence for the first violation, a ten-day jail sentence for the second violation, and a thirty-day jail sentence for the third violation. The thirty-day sentence began on May 1,

2000, and on May 9, 2000, a petition to revoke probation was filed.

[¶ 7] On May 22, 2000, Umbach filed a motion to dismiss the revocation petition on the grounds that the statutory sanctions were an alternative to probation revocation and, because he had already been sanctioned for the violations by being placed in jail, revocation of probation was a violation of double jeopardy. The trial court denied the motion to dismiss. Umbach admitted the violations, and his probation was revoked. By agreement, Umbach's admissions permitted him to file a timely notice of appeal and remain free on an appeal bond. This appeal followed.

## DISCUSSION

*Double Jeopardy*

■ [¶ 8] This Court recognizes that although the double jeopardy clauses found in Wyo. Const. art. 1, § 11, and in the Fifth Amendment of the United States Constitution "are dissimilar in language, they have the same meaning and are coextensive in application." *Amrein v. State*, 836 P.2d 862, 864 (Wyo.1992) (quoting *Vigil v. State*, 563 P.2d 1344, 1350 (Wyo.1977)). The double jeopardy clause provides an accused three protections. It protects the accused who has been acquitted against a second prosecution for the same offense; it protects the accused who has been convicted against a second prosecution for the same offense; and it protects the accused against multiple punishments for the same offense. *Amrein*, 836 P.2d at 864. Thus, Umbach's contention that double jeopardy law prohibits administrative sanctions and probation revocation requires that we determine the legislative intent underlying Wyo. Stat. Ann. § 7-13-1107. *See Amrein*, 836 P.2d at 864.

■ [¶ 9] Statutory construction and legislative intent will control the determination whether ISP sanctions are criminal punishment. Applicable general principles of statutory construction include: if the language is clear and unambiguous, we must abide by the plain meaning of the statute; if a statute is ambiguous, we may resort to general principles of construction; an ambig-

uous statute is one whose meaning is uncertain and susceptible of more than one meaning; and in a criminal statute, an ambiguity should be resolved in favor of lenity. *Amrein*, 836 P.2d at 864–65.

[¶ 10] The Legislature has authorized the Department to establish an intensive supervision program for probationers and parolees, and has granted it general supervisory authority over all probationers and parolees participating in the program. Wyo. Stat. Ann. §§ 7-13-1101, -1102(a), and -1102(d) (LexisNexis 2001). An intensive supervision program established under this article may require:

> (i) Electronic monitoring, regimented daily schedules or itineraries, house arrest, telephone contact, drug testing, curfew checks or other supervision methods which facilitate contact with supervisory personnel;
>
> (ii) Community service work, family, educational or vocational counseling, treatment for substance abuse, mental health treatment and monitoring of restitution orders and fines previously imposed on the participant; and
>
> (iii) Imposition of supervision fees to be paid by participants.

Wyo. Stat. Ann. § 7-13-1102(b) (LexisNexis 2001).

[¶ 11] Participation in intensive supervised probation is a matter of grace and not of right. Wyo. Stat. Ann. § 7-13-1103(a) (LexisNexis 2001). No person is allowed to participate unless the person agrees in writing to abide by all of the Department's rules and regulations for operation of the program and agrees to submit to administrative sanctions which may be imposed under Wyo. Stat. Ann. § 7-13-1107. Wyo. Stat. Ann. § 7-13-1103(b) (LexisNexis 2001). Under certain circumstances, the Legislature also permits a sentencing court to place a defendant in this program as a condition of probation. Wyo. Stat. Ann. § 7-13-1105 (LexisNexis 2001). Section 1107 provides:

> § 7-13-1107. Administrative sanctions for program violations.
>
> (a) The department is authorized to establish by rule and regulation a system of administrative sanctions *as an alternative*

to probation or parole revocation for probationers and parolees who violate the rules and restrictions of an intensive supervision program established under this article.

(b) Authorized sanctions may include:

(i) Loss or restriction of privileges;

(ii) Community service; and

(iii) Restrictions on personal liberty including:

(A) Detention in county jail for a period not exceeding thirty (30) days;

(B) Placement in a residential community correctional program for a period not to exceed sixty (60) days.

Wyo. Stat. Ann. § 7–13–1107(a), (b) (LexisNexis 2001) (emphasis added).

[¶ 12] We have added emphasis to the language "as an alternative" because, as the State concedes, this language plainly evinces a legislative intent that when an ISP participant violates the program's rules and regulations, the State must choose between subjecting an ISP participant to administrative sanctions under this statute or revoking his probation. If the State decides that a probationer who has violated a program rule should be subjected to administrative sanctions, then it shall not also seek probation revocation for that violation. The State may, however, forgo administrative sanctions and file a petition for probation revocation with the sentencing court.

 [¶ 13] The State concedes that both administrative sanctions and probation revocation were sought by it, and Umbach received jail time as an administrative sanction and had his probation revoked and his burglary sentence imposed. These dual actions are prohibited by the statute's express terms, and the State's petition to revoke probation violated the statute. The State proposes that a proper remedy for the State's violation is to credit Umbach's burglary sentence imposed by the probation revocation with the ISP jail time served for his administrative sanction. We hold, however, that the proper remedy is to reverse the order revoking probation and remand for the district court to grant Umbach's motion to dismiss the State's Petition for Probation Revocation.

 [¶ 14] Where statutory interpretation is conclusive and proper application of the statute leaves no basis for further discussion of the constitutional issue raised in this case, we will not address it. *In Re LePage,* 2001 WY 26, ¶ 18, 18 P.3d 1177, ¶ 18 (Wyo. 2001). Because the plain language of Wyo. Stat. Ann. § 7–13–1107 does not permit both actions taken by the State against Umbach and the State's statutory violation requires that his motion to dismiss be granted, we will not further consider the double jeopardy concerns raised by Umbach.

[¶ 15] Reversed and remanded with instructions to grant Umbach's motion to dismiss the petition for revocation of probation.