# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 27

### OCTOBER TERM, A.D. 2013

### February 24, 2014

RONALD D. ALLABACK,

Appellant
(Defendant),

v.                                                     S-12-0242

THE STATE OF WYOMING,

Appellee
(Respondent).

*Appeal from the District Court of Laramie County*
The Honorable Peter G. Arnold, Judge

*Representing Appellant:*
> Office of the State Public Defender: Diane Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; David E. Westling, Senior Assistant Appellate Counsel.

*Representing Appellee:*
> Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Jeffrey Pope, Assistant Attorney General.

*Before KITE, C.J., and HILL, VOIGT\*, and DAVIS, JJ.[†]*

*\*Justice Voigt retired effective January 3, 2014.*

[†]*After this matter was taken under advisement, Justice Burke discovered he had a conflict and on January 16, 2014, he recused himself. Therefore, pursuant to the Wyoming Constitution, Art. 5, § 4(a), this matter was decided by a quorum of the Court.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**KITE, Chief Justice.**

[¶1]  Ronald D. Allaback pleaded guilty to three counts of identity theft in violation of Wyo. Stat. Ann. § 6-3-901(a)(c)(ii) (LexisNexis 2013).  The district court imposed a sentence of incarceration which it suspended in favor of eight years probation.  The district court subsequently revoked and reinstated Mr. Allaback's probation three different times.  When the State filed a fourth petition to revoke, the district court granted the petition and imposed the underlying sentence of five to nine years incarceration.

[¶2]  Mr. Allaback did not timely appeal from the order revoking probation and imposing sentence.  After he filed a petition for writ of certiorari asking this Court to restore his appeal, we remanded to the district court for a hearing on the issue of whether defense counsel was ineffective.  The district court held counsel was ineffective in failing to follow Mr. Allaback's instruction to file an appeal.  Based on that ruling, this Court restored the appeal from the probation revocation.  We now affirm the order revoking probation.

## ISSUE

[¶3]  Mr. Allaback presents the following issue for this Court's determination:

Did the trial court abuse its discretion by revoking his probation, considering that he did not receive proper notice of the charges against him and that he had previously been sanctioned for two of the violations?

## FACTS

[¶4]  In 2004, Mr. Allaback pled guilty to three counts of felony identity theft.  The district court imposed concurrent sentences of six to nine years and ordered the sentences to be served consecutively to a sentence Mr. Allaback had received in another case.  The district court then suspended the prison sentences in favor of eight years of supervised probation to begin after Mr. Allaback's release from the sentence in the other case.

[¶5]  In 2008 and 2009, the State filed three petitions to revoke Mr. Allaback's probation.  Each time the district court revoked and reinstated probation.  The third time, the district court also ordered Mr. Allaback to complete a program at Volunteers of America.

[¶6]  In November of 2011, the State filed a fourth petition to revoke probation along with an affidavit of one of Mr. Allaback's probation officers alleging numerous violations of the conditions of his probation, including that he missed appointments, admitted he had been in a bar, submitted to a breath test which showed a .091% blood alcohol content (BAC), had been in another establishment where alcohol was the main

1

source of income, failed to maintain the schedule imposed on him, and had a checking account. On April 23, 2012, at the revocation hearing, another probation officer testified that two of the dates on the affidavit were incorrect; rather than missing appointments in August 2011 as the affidavit stated, the missed appointments were in September 2011. Defense counsel objected and the district court ordered a continuance to allow the State to provide accurate dates. Later that day, the State filed an amended affidavit which changed three dates from August 2011 to September 2011. The first two dates involved the allegations that Mr. Allaback had missed appointments; the third date concerned the allegation that Mr. Allaback admitted to having been in a bar and submitted to a breath test that showed he had consumed alcohol.

[¶7] When the revocation hearing resumed on April 25, 2012, the prosecutor informed the court that he was relying on the amended affidavit which, he reiterated, changed the month from August to September in paragraphs 2, 3 and 4. Defense counsel responded that he had not seen the amended affidavit but the amendments were "fine" with him and he did not need a copy of the amended affidavit. The district court asked defense counsel whether he felt the amendment put him at a disadvantage in terms of being properly prepared for the hearing and defense counsel responded that it did not and he felt the amendment was appropriate. The probation officers proceeded to testify in accordance with the amended affidavit.

[¶8] After hearing testimony from the probation officers and Mr. Allaback, the district court found that Mr. Allaback had violated his probation by having a checking account, being in a bar and having a BAC of .091%. The district court revoked probation and imposed the original sentence of five to nine years with credit for 564 days served. In its written revocation order, the district court found Mr. Allaback had violated his probation by having a checking account, being in a bar, having a BAC of .091% and failing to comply with his probation schedule.

[¶9] Five months later, on November 9, 2012, Mr. Allaback filed a petition for writ of certiorari asking this Court to restore his direct appeal, the deadline for which had expired with no notice of appeal having been filed. The Court granted the petition in part and ordered the district court to hold an evidentiary hearing for the purpose of determining whether defense counsel had been ineffective in not filing a notice of appeal. Following the hearing, the district court found defense counsel was ineffective in failing to file a notice of appeal as Mr. Allaback had requested him to do. Based upon the district court's findings, this Court granted Mr. Allaback's petition in full to restore his appeal from the order revoking probation and imposing sentence.

**STANDARD OF REVIEW**

[¶10] A district court's decision to revoke probation and impose a sentence is discretionary and will not be disturbed unless the record demonstrates a clear abuse of

2

discretion. *DeMillard v. State*, 2013 WY 99, ¶ 10, 308 P.3d 825, 829 (Wyo. 2013). *See also Sinning v. State*, 2007 WY 193, ¶ 8, 172 P.3d 388, 389 (Wyo. 2007). We review the district court's revocation decision to determine whether the court could reasonably conclude as it did. *Id*. We review Mr. Allaback's claims that his constitutional rights were violated *de novo*. *Counts v. State*, 2008 WY 156, ¶ 11, 197 P.3d 1280, 1283 (Wyo. 2008).

## DISCUSSION

[¶11] Mr. Allaback asserts that the combination of three errors in the revocation proceedings affected the entire process to such an extent that the district court abused its discretion in ordering revocation. First, he claims the State's last minute amendment of the affidavit violated his due process right to be informed of the charges against him and that any waiver of that right by his counsel was inadequate. Second, he argues that he had already been sanctioned for some of the violations for which he was punished again in the proceedings leading up to this appeal. Third, he asserts some of the violations depended on the probation officer's subjective judgment about the conditions of probation and whether he violated them.

[¶12] The State responds that the district court acted reasonably in revoking Mr. Allaback's probation. Addressing his first claim of error, the State asserts Mr. Allaback had adequate notice of the charges against him, he admitted the events occurred although not on the dates identified in the affidavit and his counsel conceded the incorrect dates did not affect his ability to present a defense. As for the second claim of error, the State contends Mr. Allaback was not punished twice for the same events. Rather than being sanctioned previously, Mr. Allaback opted to enroll in intensive supervised probation as an alternative to revocation of his probation. Finally, the State asserts the probation officer's subjective interpretation of the conditions of probation did not affect the district court's findings.

[¶13] We begin by addressing Mr. Allaback's contention that he did not receive adequate notice of the charges against him. Probation revocation proceedings are governed by W.R.Cr.P. 39. In addressing such proceedings under the rule, we have said:

> The proceedings for probation revocation consist of a two-part process. The first part, the adjudicatory phase, requires the district court to determine by a preponderance of the evidence whether a condition of probation was violated. The second, dispositional phase, is triggered only upon a finding that a condition of probation was violated. In this phase, the district court must deliberate not only upon the violation, but also the reasons the conditions were originally imposed and the circumstances surrounding the violation. After consideration of all these factors,

3

the district court must then determine the appropriate consequences of the probationer's violation.

In the adjudicatory phase, the Fourteenth Amendment right to due process and the Wyoming Rules of Evidence apply. In the dispositional phase, only general due process protections continue to attach and the rules of evidence are suspended.

*Sinning*, ¶ 9, 172 P.3d at 390, quoting *Mapp v. State*, 929 P.2d 1222, 1226 (Wyo. 1996). Notice to a probationer of the grounds for revocation is fundamental and failure to provide such notice is a defect affecting a substantial right. *Sinning*, ¶ 10, 172 P.3d at 390, citing *Anderson v. State*, 2002 WY 46, ¶ 26, 43 P.3d 108, 118 (Wyo. 2002). However, while a probationer is entitled to notice of the nature of the conduct alleged as grounds for revocation of his probation, such conduct need not be alleged with the same degree of specificity as is required in an indictment, information, or complaint. *Murphy v. State*, 592 P.2d 1159, 1162 (Wyo. 1979); *Counts*, ¶ 13, 197 P.3d at 1283. Moreover, when a defendant admits a probation violation, he waives any due process claim based upon lack of notice. *Id.*, ¶ 15, 197 P.3d at 1284.

[¶14] In the present case, Mr. Allaback was clearly informed of the nature of the conduct alleged as grounds for revocation. It was only the month when he was alleged to have committed the conduct leading to the revocation that was incorrect in the original affidavit. This does not constitute a lack of notice sufficient to give rise to a due process violation. *See Murphy*, 592 P.2d at 1163, where this Court concluded notice was sufficient although specific dates were not included in the State's pleadings and instead the conduct was alleged to have occurred between May, 1977 and February, 1978. Additionally, Mr. Allaback admitted that he missed appointments with his probation officer, consumed alcohol and had a checking account. Consequently, he waived any claimed lack of notice as to those grounds.

[¶15] Mr. Allaback claims next that he had already been administratively sanctioned for the violations the district court relied on in revoking his probation. Specifically, Mr. Allaback asserts that he was placed in an intensive supervision program (ISP) for missing appointments, going to a bar and having a high BAC. Citing *Umbach v. State*, 2002 WY 42, ¶ 12, 42 P.3d 1006, 1009 (Wyo. 2002), he argues the State could not seek probation revocation for violations previously used as the basis for administrative sanctions.

[¶16] In *Umbach,* the defendant was placed in ISP after testing positive for methamphetamine and marijuana and admitting to using both while on probation. *Id.*, ¶ 6, 42 P.3d at 1007. While in ISP he tested positive for alcohol, later for marijuana and still later for amphetamine and methamphetamine. *Id.* After an administrative hearing, he was sentenced to three jail terms for violating the ISP conditions of no alcohol or drug use. *Id.* Eight days into his last jail sentence, the State filed a petition to revoke

4

probation based upon the same three violations. Umbach filed a motion to dismiss arguing that the administrative sanctions were an alternative to probation revocation and revocation of his probation and imposition of administrative sanctions violated double jeopardy. On appeal from the district court's denial of his motion, we held the administrative sanctions were an alternative to probation revocation and, having sanctioned Umbach by placing him in jail, the State could not also seek to have his probation revoked. The following statutory provision was at issue:

> **§ 7-13-1107. Administrative sanctions for program violations.**
>
> (a) The department is authorized to establish by rule and regulation a system of administrative sanctions as an alternative to probation or parole revocation for probationers and parolees who violate the rules and restrictions of an intensive supervision program established under this article.
>
> (b) Authorized sanctions may include:
>
> (i) Loss or restriction of privileges;
>
> (ii) Community service; and
>
> (iii) Restrictions on personal liberty including:
>
> (A) Detention in county jail for a period not exceeding thirty (30) days;
>
> (B) Placement in a residential community correctional program for a period not to exceed sixty (60) days.

[¶17] Unlike the situation in *Umbach*, the State in the present case did not impose administrative sanctions under the above statute for Mr. Allaback's violations of the conditions of the ISP program. It did not take away or restrict his privileges, require him to perform community service, impose a jail sentence or place him in a residential community correctional program. Instead, the State sought the alternative under § 7-13-1107—probation revocation. In support of his assertion that administrative sanctions were imposed, Mr. Allaback cites the testimony of one of the probation officers to the effect that after Mr. Allaback missed a meeting and admitted that he had consumed alcohol, he was placed in the ISP program. Participation in the ISP program is not an administrative sanction under § 7-13-1107. The State was entitled to seek revocation of Mr. Allaback's probation after he violated the conditions of the ISP program.

[¶18] Mr. Allaback's final argument is that the probation officers' subjective interpretations of the conditions of his probation were not appropriate grounds for revoking his probation. Both sides presented testimony at the revocation hearing that while on probation Mr. Allaback was present at the Moose Lodge where alcohol was sold and, as treasurer, co-signed checks on the Lodge checking account. The probation officers testified they believed these acts violated the conditions of Mr. Allaback's probation.

5

[¶19]  We decline to address Mr. Allaback's argument concerning this testimony.  Mr. Allaback admitted under oath that he maintained a checking account of his own in violation of his probation.  He further admitted that he missed appointments with his probation officers, was in a bar other than the Moose Lodge and consumed alcohol.  Each of these acts was in violation of his probation.  Whether or not the probation officers' opinions concerning the Moose Lodge were subjective is irrelevant.  The evidence supported the district court's decision to revoke Mr. Allaback's probation and the decision was not an abuse of discretion.

[¶20]  Affirmed.