# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 75

APRIL TERM, A.D. 2014

June 13, 2014

ROBERT DANIEL TURNER,

Appellant
(Defendant),

v.                                                    S-13-0103

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Natrona County*
**The Honorable Catherine E. Wilking, Judge**

*Representing Appellant:*
    Robert D. Turner, *pro se.*

*Representing Appellee:*
    Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Jenny L. Craig, Senior Assistant Attorney General; Caitlin Young, Assistant Attorney General.

*Before KITE, C.J., and HILL, BURKE, DAVIS, and FOX, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**KITE, Chief Justice.**

[¶1]    Robert Daniel Turner pled guilty to one count of solicitation to commit property destruction.  He appeals, *pro se,* from the judgment and sentence entered by the district court, claiming the district court did not have subject matter jurisdiction to prosecute him because he was in West Virginia at the time of the alleged solicitation and he did not receive effective assistance of counsel.  We conclude the factual basis for his guilty plea established the district court had subject matter jurisdiction over the matter and he has not shown ineffective assistance of counsel.

[¶2]    We affirm.

## ISSUES

[¶3]    Mr. Turner presents the following issues on appeal:

> I.    Did the State have subject matter jurisdiction to prosecute Appellant for the charges specified in the charging Information?
>
> II.    Was Appellant's representation by trial counsel so ineffective that it rendered Appellant's guilty plea involuntary?

The State presents essentially the same issues, although phrased in more detail.

## FACTS

[¶4]    During August and September 2012, Mr. Turner, who was in West Virginia, agreed over the telephone to pay an "associate" $650 to set fire to a vehicle which belonged to his former girlfriend and was located in Natrona County, Wyoming.  The associate spoke with law enforcement and took part in a recorded telephone conversation with Mr. Turner about the plan.  The associate did not damage the vehicle, and Mr. Turner was arrested when he returned to Wyoming.

[¶5]    Mr. Turner pled guilty to one felony count of solicitation to commit property damage in excess of $1,000.  In exchange for his guilty plea, the State dismissed two other felony charges—solicitation to commit first degree arson and solicitation to commit third degree arson.  At his change of plea hearing, Mr. Turner stated that he was satisfied with his trial counsel and provided a factual basis for his guilty plea.

[¶6]    The district court held a sentencing hearing in which it considered the presentence investigation report, the evidence in the case, the intended victim's testimony, Mr.

1

Turner's statement, and the parties' arguments. The State argued Mr. Turner should receive a sentence of seven to ten years in prison, while defense counsel argued for probation. The district court found that probation was not appropriate and sentenced Mr. Turner to serve a term of eight to ten years in prison.

[¶7] Mr. Turner was unhappy with the sentence and filed a notice of appeal. The district court allowed his trial counsel to withdraw and appointed new counsel to represent him on appeal. Mr. Turner filed a *pro se* motion to correct an illegal sentence on grounds not associated with this appeal, and the district court denied the motion. Mr. Turner requested that the case be remanded to the district court for a hearing under W.R.A.P. 21 regarding the effectiveness of trial counsel. This Court denied the request for a remand because Mr. Turner did not make a sufficient showing of ineffective assistance. Thereafter, Mr. Turner's appellate counsel moved to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), on the basis that the appeal was not meritorious. We granted the motion, and Mr. Turner filed his appellate brief *pro se.*

## DISCUSSION

[¶8] Mr. Turner pled guilty to solicitation to commit property destruction and he did not file a motion to withdraw his guilty plea. "[A]n unconditional guilty plea waives all non-jurisdictional defenses, including claims based on the alleged deprivation of constitutional rights. The only claims not waived by an unconditional guilty plea are those that address the jurisdiction of the court or the voluntariness of the plea." *Kitzke v. State,* 2002 WY 147, ¶ 8, 55 P.3d 696, 699 (Wyo. 2002) (citations omitted).

### *1. Jurisdiction*

[¶9] Mr. Turner claims the district court did not have subject matter jurisdiction to prosecute him. Subject matter jurisdiction is essential to prosecution of a crime and may not be waived. *Rios v. State,* 733 P.2d 242, 244 (Wyo. 1987). Jurisdiction is a question of law that may be raised any time and is subject to *de novo* review on appeal. *Dawes v. State,* 2010 WY 113, ¶ 10, 236 P.3d 303, 306 (Wyo. 2010). *See also Innis v. State,* 2003 WY 66, ¶ 8, 69 P.3d 413, 417 (Wyo. 2003).

[¶10] The State charged Mr. Turner with solicitation to commit property damage valued at $1,000 or more, in violation of Wyo. Stat. Ann. §§ 6-1-302(a) and 6-3-201(a) and (b)(iii) (LexisNexis 2013). Section 6-1-302(a) states:

> (a) A person is guilty of solicitation to commit a felony if, with intent that a felony be committed, he commands, encourages or facilitates the commission of that crime under circumstances strongly corroborative of the intention that the

2

crime be committed but the solicited crime is not attempted or committed.

Section 6-3-201 states in relevant part:

> (a) A person is guilty of property destruction and defacement if he knowingly defaces, injures or destroys property of another without the owner's consent.
>
> (b) Property destruction and defacement is:
>  . . . .
>    (iii) A felony punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both, if the cost of restoring injured property or the value of the property if destroyed is one thousand dollars ($1,000.00) or more.[1]

[¶11] In a multi-faceted argument, Mr. Turner claims the district court did not have subject matter jurisdiction over the offense because: 1) the recorded telephone conversation demonstrated that the associate solicited him to commit the crime, rather than the other way around; and 2) he was in West Virginia at the time of the telephone call and his conduct did not produce an unlawful effect in Wyoming.

[¶12] Given Mr. Turner's unconditional guilty plea, we will only address his second argument. His first argument involves an alternative interpretation of the evidence and such arguments were waived by the guilty plea.[2] With regard to his second point, Wyoming courts have jurisdiction over a defendant's conduct if it produced or was intended to produce an unlawful effect within the state. *Dawes,* ¶¶ 10-15, 236 P.3d at 306-07. Our jurisprudence provides various examples of Wyoming courts properly exercising jurisdiction over crimes committed while the defendant was outside of the state. In *Dawes,* the defendant was in California when he wrote unauthorized checks on a bank account located in Wyoming. In *Rios,* 733 P.2d at 249-50, the defendant committed the crime of interference with child custody when he, while in another state, refused to

---

[1] Wyo. Stat. Ann. § 6-1-304 (LexisNexis 2013) pertains to grading of inchoate offenses and states:

> The penalty for attempt, solicitation or conspiracy is the same as the penalty for the most serious crime which is attempted, solicited or is an object of the conspiracy except that an attempt, solicitation or conspiracy to commit a capital crime is not punishable by the death penalty if the capital crime is not committed.

[2] Mr. Turner does not argue there was an insufficient factual basis for the district court to accept his guilty plea. *Compare Nguyen v. State,* 2013 WY 50, 299 P.3d 683 (Wyo. 2013) (holding that a defendant may challenge, on appeal, whether a sufficient factual basis existed to support the guilty plea because that argument concerns the validity of the plea itself).

return the child to the custodial parent in Wyoming. *Marquez v. State,* 12 P.3d 711, 715 (Wyo. 2000), involved a conspiracy to deliver illegal drugs to Wyoming. The Wyoming court had jurisdiction even though the defendant conspired in New Mexico and was arrested in Colorado before entering Wyoming. *Hopkinson v. State,* 632 P.2d 79, 100 (Wyo. 1981), involved a situation similar to the case at bar although, in that case, the underlying crime was actually committed. Mr. Hopkinson committed the crime of accessory to murder in Wyoming by placing telephone calls from California instructing others to commit the crime in this state. *Id.*

[¶13] Mr. Turner's claim that he did not commit a crime in Wyoming is readily dispelled by his testimony at the change of plea hearing, which focused on the location of the various actors:

> THE COURT: Mr. Robert Turner, as to Count Three in the Information, how do you plead, sir?
>
> THE DEFENDANT: Guilty, ma'am.
>
> THE COURT: Were you in Natrona County on or about August 1st of 2012, through September 6th of 2012?
>
> THE DEFENDANT: Yes, actually.
> (A discussion was held off the record between [defense counsel] and the defendant.)
>
> [THE PROSECUTOR]: If I could help, Your Honor.
>
> THE COURT: Please.
>
> [THE PROSECUTOR]: He was actually soliciting the commission of the crime over the phone. At the time, he was in West Virginia, but the property and the torch-man [associate], for lack of a better word, were in Natrona County.
>
> THE COURT: Do you agree with that, Mr. Turner?
>
> THE DEFENDANT: Yes, ma'am . . . .
>
> THE COURT: All right. And it does indicate[] in Count Three that you solicited another to commit felony property damage; do you agree that you did that, sir?

4

THE DEFENDANT:          Yes, ma'am.

THE COURT:          And do you agree that the value of the property was $1,000 or more?

THE DEFENDANT:          Yes, ma'am.

THE COURT:          Why don't you just in your own words tell me what happened, sir.

THE DEFENDANT:          Regrettably, I called an associate, friend, kinda, and asked him to damage a vehicle and – for a fee.  And in the process, it was discussed that no one be around, near, or in the vehicle when it was done.  It's really pretty much that simple.  I mean, it's – regrettably, that's what happened.

THE COURT:          And whose vehicle are we talking about, sir?

THE DEFENDANT:  It was . . . , an ex-girlfriend.

THE COURT:          And were you upset with her and is that why you were asking this individual to damage her property?

THE DEFENDANT:          Actually, yes.  Being heartbroken, betrayed  . . . .

THE COURT:          Okay.  And you agree that you solicited him over the phone? You asked him to commit the property damage; you were on the phone when you did that?

THE DEFENDANT:          Yes, ma'am.

THE COURT:          And you said for a fee.  What was the fee?

THE DEFENDANT:          $650, ma'am.

[¶14]  Mr. Turner's testimony at the change of plea hearing established that he solicited another to commit a crime in Wyoming.  Like Hopkinson, he made the arrangements

5

over the telephone from another state, but he intended his actions to have an effect in Wyoming. The underlying property damage was not accomplished; however, Mr. Turner's actions were still subject to criminal process just as Marquez's conspiracy to deliver drugs to Wyoming fell within the Wyoming court's jurisdiction even though neither the defendant nor the drugs ever arrived in the state. The Wyoming district court had subject matter jurisdiction over Mr. Turner's criminal offense.

### 2. *Ineffective Assistance of Counsel/Guilty Plea*

[¶15] In general, to prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate that counsel's performance was deficient and his defense was prejudiced by the deficient performance. *Reichert v. State,* 2006 WY 62, ¶ 11, 134 P.3d 268, 272 (Wyo. 2006). An attorney provides deficient representation if he fails to render the sort of assistance which would have been offered by a reasonably competent attorney. *Id.* To establish prejudice after he has pleaded guilty, a defendant must show a reasonable probability that, but for counsel's errors, a plea of guilty would not have been entered and the defendant would have insisted on going to trial. *Id.,* citing *Ingersoll v. State,* 2004 WY 102, ¶¶ 13-14, 96 P.3d 1046, 272 (Wyo. 2004). In other words, the defendant must establish that counsel's performance was so deficient that his guilty plea was not voluntary.

[¶16] Mr. Turner claims his attorney was deficient for failing to investigate text message evidence, refusing to allow him to examine any of the evidence, failing to present the defense of entrapment, failing to file a bill of particulars to specify the date of the solicitation, inducing him to plead guilty by guaranteeing he would receive a lenient sentence, and having a conflict of interest. There is little, if any, record support for Mr. Turner's claims. In fact, several of his assertions are directly contradicted by the record which includes a recorded telephone call, text messages and evidence of wire transfers clearly demonstrating that Mr. Turner commanded, encouraged and/or facilitated his associate to damage his former girlfriend's car in exchange for $650.

[¶17] Further, with the possible exception of Mr. Turner's claim that his trial counsel improperly induced or advised him to plead guilty, his claims were waived at the time of his guilty plea. When addressing a guilty plea, W.R.Cr.P. 11(b) requires the district court to advise the defendant of the nature of the charges; the consequences of pleading guilty; and his rights to be represented by an attorney, plead not guilty, be tried by a jury, and to testify or not, as he chooses. The defendant must also be informed that if he pleads guilty he will waive his right to a trial and any statements made by him under oath in court may be used against him. *Id.; See also Reichert,* ¶ 14, 134 P.3d at 273. Before accepting a guilty plea, the district court is required to ensure the defendant's plea is voluntary.

> The court shall not accept a plea of guilty . . . without first, by addressing the defendant personally in open court,

determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty . . . results from prior discussions between the attorney for the state and the defendant or the defendant's attorney.

Rule 11(d).

[¶18] At Mr. Turner's change of plea hearing, the district court provided the requisite advisements under Rule 11. The district court also specifically addressed Mr. Turner regarding his satisfaction with trial counsel:

> THE COURT: . . . [H]ave you discussed making that plea with [defense counsel]?
>
> THE DEFENDANT: I have.
>
> THE COURT: Are you satisfied with his representation of you?
>
> THE DEFENDANT: I am.
>
> THE COURT: Have you any questions for him before we go any further, sir?
>
> THE DEFENDANT: No, ma'am.

[¶19] Mr. Turner was amply aware that he was waiving his right to trial and to contest the evidence against him. His statement that he was satisfied with counsel at that time undermines his current claims that his attorney did not properly obtain or share evidence with him or present possible defenses to the charged crime. Furthermore, as quoted above, Mr. Turner provided a sufficient and clear factual basis to support the guilty plea under Rule 11(f), further weakening his claimed defenses.

[¶20] Mr. Turner's argument that his attorney improperly induced or advised him to plead guilty is the only claim which may have a bearing on the voluntariness of his guilty plea. He asserts his attorney guaranteed he would receive a lenient sentence because the district judge owed a favor to defense counsel. "When a guilty plea has been entered upon the advice of counsel, the voluntariness of that plea may depend on the extent to which that advice comports with the constitutional guarantee to effective assistance of counsel." *Rutti v. State,* 2004 WY 133, ¶ 21, 100 P.3d 394, 404 (Wyo. 2004) (citations omitted).

"When an attorney has allegedly misadvised his client with respect to the entry of a guilty plea, a determination must be made of whether the decision to plead and forego the defense of his case resulted in prejudice to the client. That determination involves two interrelated questions: whether, in the absence of counsel's error, the recommendation of a reasonably competent attorney concerning the plea would differ from that given; and whether, absent the error, the outcome of a trial would have been more advantageous to the client than the result of his plea. The defendant may also establish the necessary prejudice by proof of circumstances indicating that, in deciding whether or not to plead guilty, he placed special emphasis on the challenged aspect of his attorney's advice. He must suggest to the reviewing court a plausible reason why, had his representation been as he claims it should have been, he would have chosen to forsake the benefits of the plea agreement for the risks of trial."

*Reichert,* ¶ 41, 134 P.3d at 279-80, quoting *Rutti,* ¶ 23, 100 P.3d at 405 (other citations omitted). In *Palmer v. State,* 2008 WY 7, ¶¶ 18-20, 174 P.3d 1298, 1302-03 (Wyo. 2008), we clarified that the defendant does not have to demonstrate a likelihood that he would have prevailed at trial. He is simply obligated to show that but for his attorney's unsound advice, he would not have entered a guilty plea and would have insisted upon going to trial. *Id.*

[¶21] Mr. Turner's claim that his attorney guaranteed him a more lenient sentence because the trial judge owed him a favor is not borne out in the record. The district judge was very clear about the potential penalties at the change of plea hearing. She informed Mr. Turner:

> You heard the attorneys go over the plea agreement in your case; I want to review that with you.
>
> As it's been presented to me, you would be entering a guilty plea to Count Three. In exchange for that plea, the State has agreed to dismiss Counts One and Two; that there is a cold plea[3] to Count Three, meaning that at the time of

---

[3] The term "cold plea" is generally used to mean a guilty plea entered without the benefit of a plea agreement. *See, e.g.*, *Cohee v. State,* 2005 WY 50, ¶ 10, n.2, 110 P.3d 267, 271, n.2 (Wyo. 2005). The parties and district court in this case, however, used the term to mean there was no agreement as to sentencing.

> sentencing, the State is free to argue for whatever sentence they believe is appropriate, which could be up to the maximum potential penalty allowed by law. And you and [defense counsel] are free to argue for whatever sentence you believe is appropriate.

(footnote added). Mr. Turner agreed with the district court's description of the agreement and denied the existence of other terms that had not been discussed at the change of plea hearing. The trial judge carefully reviewed the potential penalties of the count to which he was pleading guilty, and he again stated his understanding. Mr. Turner also stated that he understood that after he pled guilty, the only things left for the court to do were to review the PSI, listen to the attorneys' arguments, give him a chance to speak, and then impose a sentence. She then asked Mr. Turner:

> THE COURT: Apart from the plea agreement that we've already reviewed, Mr. Turner has anyone promised you anything or threatened you or forced you in any way to get you to plead guilty to Count Three?
>
> THE DEFENDANT: No, ma'am.

[¶22] The transcript of the change of plea hearing clearly shows that Mr. Turner was advised of the possible consequences of his guilty plea and he repeatedly stated that he understood there was no agreement as to sentencing and the district court could enter any sentence allowed under the law. Under these circumstances, it is hard to believe that Mr. Turner truly thought that he would get a lenient sentence because of some amorphous understanding between defense counsel and the trial judge. Thus, Mr. Turner failed to establish that his attorney performed deficiently.[4]

[¶23] In addition, the circumstances do not support a conclusion that Mr. Turner was prejudiced. Even if defense counsel misled Mr. Turner about the sentence he would receive, the trial court certainly corrected the misunderstanding before taking his plea by repeatedly telling him there was no agreement as to sentencing. *See Wilson v. State,* 2003 WY 59, ¶ 11, 68 P.3d 1181, 1188 (Wyo. 2003) (holding a defendant is not prejudiced by his attorney's incorrect advice if the trial court cured any misrepresentation prior to taking his guilty plea). Mr. Turner also overlooks the fact that, as a result of the plea

---

[4] Mr. Turner also asserts his attorney had a conflict of interest. He presented an affidavit from a person who claimed he had overheard defense counsel making derogatory comments about the defendant to the victim after the sentencing. Mr. Turner, however, also states that defense counsel had previously informed him that he knew the victim, her brother and her entire family. Even though Mr. Turner was aware of a potential conflict of interest, he did not seek different counsel. In any event, he has failed to demonstrate how this supposed conflict of interest actually affected defense counsel's representation of him. *See, e.g., King v. State,* 810 P.2d 119, 123 (Wyo. 1991).

agreement, two other felony charges were dismissed. One of the dismissed charges—solicitation of first degree arson—carried a maximum term of twenty years in prison, twice the maximum penalty of the crime he admitted. Wyo. Stat. Ann. § 6-3-101(a) and (b)(i) (LexisNexis 2013).

[¶24] The evidence which would have been introduced at trial by the prosecution was damning. The recorded telephone call and text messages between Mr. Turner and his associate showed that he sought to have his girlfriend's vehicle set on fire. Contrary to Mr. Turner's assertions, the evidence clearly demonstrated that he commanded, encouraged or facilitated the associate's unlawful action. The State's evidence also included documentation plainly showing that Mr. Turner wired the associate $650, the same amount as the agreed payment for committing the property damage. Mr. Turner failed to carry his burden of showing that in absence of his attorney's advice, he would not have pled guilty to the one felony charge with a maximum sentence of ten years but would have, instead, gone to trial on the three charges with one having a maximum sentence of twenty years.

[¶25] Affirmed.