# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 137

OCTOBER TERM, A.D. 2014

November 4, 2014

ROGER D. PFEIL,

Appellant
(Defendant),

v.

S-14-0056

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Campbell County*
The Honorable Thomas W. Rumpke, Judge

*Representing Appellant:*
Roger D. Pfeil, *pro se*.

*Representing Appellee:*
Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Jenny L. Craig, Senior Assistant Attorney General.

*Before BURKE, C.J., and HILL, KITE, DAVIS, and FOX, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.

**KITE, Justice.**

[¶1]    Over sixteen years after pleading guilty to second degree murder, Roger D. Pfeil filed a pro se motion to withdraw his guilty plea, for a sentence reduction and/or to correct an illegal sentence.  The district court ruled the provision of Mr. Pfeil's sentence that required him to repay the costs of his presentence confinement in county jail was illegal and vacated it, but denied the remainder of his claims.

[¶2]    We affirm.

## ISSUES

[¶3]    The issues we must resolve in this appeal are:

1.      Should Mr. Pfeil's appeal be dismissed because he failed to file a proper notice of appeal after the district court formally ruled on his motion?

2.      Did the district court properly rule it did not have jurisdiction to allow Mr. Pfeil to withdraw his guilty plea even though it found an assessment included in his original sentence was illegal?

3.      Did the district court properly rule it did not have jurisdiction to consider, in a motion to correct an illegal sentence, how Mr. Pfeil's sentence is being administered by the Wyoming Department of Corrections (DOC) and the Wyoming Board of Parole (BOP)?

4.      Did the district court properly rule it did not have jurisdiction to consider Mr. Pfeil's motion to reduce his sentence?

## FACTS

[¶4]    In 1997, Mr. Pfeil pled guilty, pursuant to a plea agreement, to one count of second degree murder.  The plea agreement included a joint sentencing recommendation of twenty-five to forty-five years in prison and "[a]ssessments to the crime Victim's Compensation Fund, fine, restitution and pre-trial costs of incarceration . . . as determined by the Court."  Prior to taking his guilty plea, the district court advised Mr. Pfeil of the penalties associated with the charge, including the possibility of being assessed with presentence costs of incarceration.  As the factual basis for his guilty plea, Mr. Pfeil admitted to shooting and killing Russell Patterson for having an affair with his wife and burying Mr. Patterson's body in his car at a mine near Gillette.  The district judge adopted the recommended sentence and imposed fines and assessments, including $1,000 for the costs of his presentence confinement in county jail.

1

[¶5]    Mr. Pfeil did not appeal his original conviction or sentence, but, over the years, he has challenged certain aspects of the rulings. In 1998, he filed a motion to withdraw his guilty plea, which the district court denied. We dismissed Mr. Pfeil's appeal of that ruling on the grounds we did not have jurisdiction over the matter.

[¶6]    In 2013, Mr. Pfeil filed a pro se "Motion for Withdrawal of Plea, and/or Correction/Reduction of an Illegal Sentence." The district court did not immediately rule on his motion and, eventually, Mr. Pfeil filed a notice of appeal claiming that more than ninety days had passed since he filed his motion and it was, therefore, deemed denied and subject to appeal under W.R.C.P. 6. The district court subsequently entered an order granting in part and denying in part Mr. Pfeil's request to correct an illegal sentence and stating that it did not have jurisdiction to consider his request to withdraw his guilty plea, his complaints about how the DOC and BOP were administering his sentence, or his request for a sentence reduction. Mr. Pfeil did not file another notice of appeal or amend his original notice to identify the district court's order as the one being challenged on appeal.

## DISCUSSION

### 1. Notice of Appeal

[¶7]    The State claims Mr. Pfeil did not invoke the appellate jurisdiction of this Court because he did not file a proper notice of appeal after the district court issued its decision. The timely filing of a correct notice of appeal is jurisdictional, and the existence of jurisdiction is a question of law reviewed *de novo*. W.R.A.P. 1.03; *Hitz v. State,* 2014 WY 58, ¶ 8, 323 P.3d 1104, 1106 (Wyo. 2014); *Gomez v. State,* 2004 WY 15, ¶ 15, 85 P.3d 417, 420 (Wyo. 2004).

[¶8]    W.R.A.P. 2.01 provides "[a]n appeal from a trial court to an appellate court shall be taken by filing the notice of appeal with the clerk of the trial court within 30 days from entry of the appealable order." Mr. Pfeil filed a notice of appeal when the district court did not rule on his motion to withdraw his guilty plea and/or correct or reduce his sentence within ninety days of filing. He claimed his motion was deemed denied under W.R.C.P. 6 and W.R.A.P. 2.02, and, consequently, his notice of appeal was appropriate. We have, however, expressly refused to import the ninety day "deemed denied" rule from the civil context to criminal proceedings. *See DeLoge v. State,* 2005 WY 152, ¶ 12, 123 P.3d 573, 578 (Wyo. 2005); *Patrick v. State,* 2005 WY 32, ¶ 8, 108 P.3d 838, 841 (Wyo. 2005). Thus, Mr. Pfeil was incorrect when he stated in his notice of appeal that his motion had been deemed denied after ninety days. That does not, however, answer the question of whether he properly invoked this Court's appellate jurisdiction.

[¶9]    W.R.A.P. 2.07 dictates the contents of a notice of appeal:

(a) The notice of appeal shall:

> (1) Specify the party or parties taking the appeal;

> (2) Identify the judgment or appealable order, or designated portion appealed; . . .

> (3) Name the court to which the appeal is taken.

> (4) Be accompanied by the certificate or endorsement required by Rule 2.05.

> * * * *

> (c) In a criminal case, the notice of appeal shall have as an appendix the judgment and sentence or other dispositive order.

Mr. Pfeil's pro se notice of appeal stated:

> TO THE CLERK OF THE 6th JUDICIAL DISTRICT COURT:
>
> NOTICE IS HEREBY GIVEN that Appellant, Roger D. Pfeil, appeals to the Supreme Court of the State of Wyoming the deemed denied decision of the 6th Judicial District Court pursuant to Rule 6(c)(2) Wyoming Rules of Civil Procedure for failure of the Court to determine Appellant's Motion within 90 days after filing in the Court on or about July 17, 2013, thus denying Appellant's Motion for Correction of an Illegal Sentence on or about October 15, 2013. . . .
> Appellant further certifies that all relevant portions of the transcript of evidence deemed necessary for this appeal have been ordered and proper arrangements for payment of the transcript have been made pursuant to Appellant[']s Motion to Proceed in Forma Pauperis, herein included.

[¶10]  The State claims Mr. Pfeil's notice of appeal failed to comply with Rule 2.07(a)(2) because he did not identify and attach the order appealed.  At the time he filed his notice, there was no order to appeal, so it was impossible to specifically identify or attach it.  We addressed a similar problem in *McWilliams v. Wilhelm,* 893 P.2d 1147, 1148 (Wyo. 1995), where the appellant filed a notice of appeal of the jury's verdict before the district court entered a judgment on the verdict.  In that case, we held the notice of appeal was

sufficient under Rule 2.07(a)(2) because it identified the jury's verdict which was, in effect, a designated portion of the judgment. *Id.*.

[¶11] Obviously, it would have been preferable if Mr. Pfeil had amended his notice of appeal to comply with the rule after the district court entered its order; however, that error should not result in dismissal of his appeal. The *McWilliams* decision supports a conclusion that the notice of appeal in this case complied with the rule requiring identification of the portion of the order appealed. Mr. Pfeil's notice of appeal identified the motion upon which the eventual order was based and challenged the district court's denial of the motion. *See also Serna v. State,* 2013 WY 87, ¶ 7, 305 P.3d 1142, 1143 (Wyo. 2013) (pro se litigants are entitled to some leniency from the stringent standards applied to formal pleadings drafted by counsel); *Hayzlett v. Hayzlett,* 2007 WY 147, ¶ 14, 167 P.3d 639, 643 (Wyo. 2007) (notice of appeal was sufficient even though the pro se appellant failed to attach the required appendix).

[¶12] The Tenth Circuit Court of Appeals interpreted F.R.A.P. 3(c)(1)(B) which is similar to W.R.A.P. 2.07(a)(2) and stated that "[e]ven if a notice fails to properly designate the order from which the appeal is taken, this Court has jurisdiction if the appellant's intention was clear." *Fleming v. Evans,* 481 F.3d 1249, 1253-54 (10th Cir. 2007), citing *United States v. Morales,* 108 F.3d 1213, 1222–23 (10th Cir. 1997). Mr. Pfeil's clear intention was to appeal the district court's denial of his motion and the State does not suggest otherwise. His notice, though technically defective, served the purpose of providing notice to other parties and the court. *Smith v. Barry,* 502 U.S. 244, 248, 112 S. Ct. 678, 116 L. Ed. 2d 678 (1992). *See also Varnadore v. Novak,* 41 Wyo. 494, 499, 287 P. 438, 440 (1930) (discussing the notification purposes of a notice of appeal under statutes predating the Wyoming Rules of Appellate Procedure). Mr. Pfeil's notice of appeal was sufficient to invoke this Court's appellate jurisdiction.

### 2. *Motion to Withdraw Guilty Plea*

[¶13] Mr. Pfeil filed a motion to withdraw his guilty plea and/or correct his sentence on the grounds he was improperly assessed $1,000 for the costs of his presentence confinement in county jail. The district court concluded that Mr. Pfeil's sentence was illegal to the extent it required him to reimburse county jail expenses and vacated that portion of his sentence. It concluded, however, that it did not have jurisdiction to allow him to withdraw his guilty plea after his conviction and sentence had become final. Mr. Pfeil claims the district court violated his constitutional right to due process when it refused to allow him to withdraw his guilty plea after ruling that part of his sentence was illegal. The constitutional and jurisdictional issues presented here involve questions of law, which are subject to *de novo* review. *Allaback v. State,* 2014 WY 27, ¶ 10, 318 P.3d 827, 829-30 (Wyo. 2014) (defendant's claim that his constitutional rights were violated is reviewed *de novo*); *Turner v. State,* 2014 WY 75, ¶ 9, 327 P.3d 100, 103 (Wyo. 2014) (jurisdiction is a question of law subject to *de novo* review).

4

[¶14]  W.R.Cr.P. 35 governs motions for correction or reduction of sentences:

> *(a) Correction.* – The court may correct an illegal sentence at any time. Additionally the court may correct, reduce, or modify a sentence within the time and in the manner provided herein for the reduction of sentence.
>
> *(b) Reduction.* – A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within one year after the sentence is imposed or probation is revoked, or within one year after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one year after entry of any order or judgment of the Wyoming Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision. The court may determine the motion with or without a hearing.

[¶15]  The sentencing court relied upon Wyo. Stat. Ann. § 7-13-109 (LexisNexis 2013) when it included the county jail cost assessment in Mr. Pfeil's original sentence.  Section 7-13-109(a) allows the sentencing court to "require a person sentenced to confinement in county jail, for any offense, to pay the jail facility the costs of room and board for each day of incarceration, both before and after conviction."  However, as we stated in *Lee v. State,* 2 P.3d 517, 527 (Wyo. 2000), § 7-13-109 applies only to persons sentenced to the county jail.  Mr. Pfeil was sentenced to the Wyoming State Penitentiary, not county jail.  The sentencing court did not, therefore, have authority to require him to reimburse the county jail for the costs of his confinement while he awaited disposition of his case.  The district court properly corrected the error when it vacated that portion of his sentence on his motion to correct an illegal sentence.

[¶16]  Despite his success in persuading the district court to declare that aspect of his sentence illegal, Mr. Pfeil argues the district court erred by refusing to allow him to withdraw his guilty plea altogether.  The district court concluded it did not have jurisdiction to consider his motion to withdraw his guilty plea after his judgment and sentence were final.  In *Nixon v. State,* 2002 WY 118, ¶ 9, 51 P.3d 851, 853 (Wyo. 2002), we stated:

Rule 32(d) of the Wyoming Rules of Criminal Procedure addresses the withdrawal of guilty pleas:

> (d) *Plea withdrawal.*—If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. At any later time, a plea may be set aside only to correct manifest injustice.
>
> Although this Rule does not, in and of itself, set a time limit for filing such a motion with the district court *after sentencing,* such a limit must exist as a logical corollary to the general rule that a case becomes final after judgment and sentence is entered and an appellate decision affirming the conviction has been made, or the time for taking an appeal expires without perfection of an appeal, or after the voluntary dismissal of such an appeal.

(emphasis in original). *See also Neidlinger v. State,* 2010 WY 54, ¶ 9, 230 P.3d 306, 308 (Wyo. 2010). Therefore, the district court's ruling that Mr. Pfeil's motion to withdraw his guilty plea was too late because his conviction and sentence were final is consistent with our precedent.

[¶17] Mr. Pfeil faults the district court for relying on Rule 32(d) to decide his motion rather than addressing the authority he cited in support of his motion–W.R.Cr.P. 11 and a repealed statute, Wyo. Stat. Ann. § 5-4-118 (LexisNexis 2003). The district court obviously did not err by relying on W.R.Cr.P. 32 given it specifically pertains to withdrawal of guilty pleas. Furthermore, neither Rule 11 nor § 5-4-118 provides authority for allowing the withdrawal of a guilty plea after the judgment has become final.

[¶18] The portion of Rule 11 relied upon by Mr. Pfeil pertains to the advisements given by the district court when taking a guilty plea:

> *(b) Advice to Defendant. –* Except for forfeitures on citations (Rule 3.1) and pleas entered under Rule 43(c)(2), before accepting a plea of guilty or nolo contendere to a felony or to a misdemeanor when the defendant is not represented by counsel, the court must address the defendant personally in open court and, unless the defendant has been previously advised by the court on the record and in the presence of

6

counsel, inform the defendant of, and determine that the defendant understands, the following:

> (1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law and other sanctions which could attend a conviction including, when applicable, the general nature of any mandatory assessments (such as the surcharge for the Crime Victim Compensation Account), discretionary assessments (costs, attorney fees, restitution, *etc.*) and, in controlled substance offenses, the potential loss of entitlement to federal benefits. However,

>> (A) Disclosure of specific dollar amounts is not required;

>> **(B) Failure to advise of assessments or possible entitlement forfeitures shall not invalidate a guilty plea, but assessments, the general nature of which were not disclosed to the defendant, may not be imposed upon the defendant unless the defendant is afforded an opportunity to withdraw the guilty plea**; and

>> (C) If assessments or forfeitures are imposed without proper disclosure a request for relief shall be addressed to the trial court under Rule 35 before an appeal may be taken on that issue.

(emphasis added).

[¶19] Mr. Pfeil claims that he should have been able to withdraw his plea in accordance with Rule 11(b)(1)(B). However, as the plain language of the rule makes clear, it pertains to the requisite advisements on the nature of assessments, not the eventual imposition of an unauthorized assessment when the proper advisements have been given. Furthermore, subsection (C) plainly envisions the opportunity for the district court to correct its error pursuant to a motion to correct an illegal sentence.

[¶20] In this case, the district court advised Mr. Pfeil at his change of plea hearing that an assessment for the costs of his county jail stay could be included in his sentence. Although it turned out the district court did not have the statutory authority to require Mr. Pfeil to pay those costs because he was sentenced to the penitentiary rather than county

jail, the provision of Rule 11 allowing a defendant to withdraw his guilty plea if he does not receive the proper advisements simply does not apply under these circumstances.

[¶21] Mr. Pfeil also relies upon Wyo. Stat. Ann. § 5-4-118 (LexisNexis 2003) in arguing he should be allowed to withdraw his guilty plea. That statute stated: "A justice of the peace may correct an illegal sentence imposed in a criminal case or reduce a sentence at any time." It was, however, repealed in 2004 after the circuit court system generally replaced the justice of the peace system in Wyoming. Mr. Pfeil argues § 5-4-118 should, nevertheless, apply in his case because it was in effect at the time of his sentence. There are multiple reasons why he is incorrect. First, the plain language of the statutory provision did not provide authority for Mr. Pfeil to withdraw his guilty plea after his conviction and sentence were final. It simply authorized the justice of the peace courts to correct or reduce sentences at any time. In addition, given Mr. Pfeil was convicted in district court, not the justice of the peace court, the statutes applicable to the justice of the peace courts were not applicable to Mr. Pfeil's case.

[¶22] The district court properly granted Mr. Pfeil relief under W.R.Cr.P. 35 for the imposition of an improper assessment when it vacated that aspect of his judgment. Nevertheless, the court also correctly ruled it did not have jurisdiction to address Mr. Pfeil's motion to withdraw his guilty plea because the judgment and sentence had become final.

### 3. Execution of Sentence by the BOP and DOC

[¶23] Mr. Pfeil claims his sentence is illegal under Rule 35(a) because of the way the DOC and BOP are administering it. In particular, he faults the BOP for denying his requests for good time credit, parole and a recommendation to the governor that he be given a commutation. He also faults the DOC for garnishing his prison account to pay his fines and costs and for implementing policies requiring inmates to pay for various personal items he says the prison should provide free of charge.

[¶24] Rule 35 authorizes challenges to illegal sentences only. An illegal sentence is defined as "'one which exceeds statutory limits, imposes multiple terms of imprisonment for the same offense, or otherwise violates constitutions or the law.'" *Martinez v. State,* 2002 WY 10, ¶ 9, 39 P.3d 394, 396 (Wyo. 2002), quoting *Duran v. State,* 949 P.2d 885, 887 (Wyo. 1997). None of Mr. Pfeil's complaints pertain to the validity of the underlying sentence. Instead, he bootstraps his complaints over how his sentence is being administered into an argument that the BOP and DOC have effectively altered his sentence to the extent it is now illegal. Rule 35 addresses only sentences which are illegal in fact, not sentences which inmates claim are being executed illegally by the State. *See, e.g., Gould v. State,* 2006 WY 157, ¶ 25, 151 P.3d 261, 268 (Wyo. 2006). It does not, therefore, provide an avenue to Mr. Pfeil for relief from the BOP's and DOC's actions.

8

[¶25] Mr. Pfeil also argues that, by refusing to consider his Rule 35 claims, the district court denied his constitutional right to access to the courts under Wyo. Const. art. 1, § 8[1] and the principle of separation of powers. By staying true to the limits of Rule 35, the district court did not unconstitutionally deprive Mr. Pfeil of access to the courts. As we pointed out in *Gould,* ¶ 26, 151 P.3d at 268, there are other legal means for challenging a State's actions in administering a sentence. The DOC has a grievance procedure for inmates to contest decisions made by prison personnel, and the record demonstrates that Mr. Pfeil is aware of the process and has availed himself of it. In addition, if he believes the DOC or BOP rules or regulations are improper or are not being followed, there are other ways to challenge those actions. In some cases, a civil rights action under 42 U.S.C. § 1983 or a petition for writ of habeas corpus may be available. *See id.,* citing *Olim v. Wakinekona,* 461 U.S. 238, 103 S. Ct. 1741, 75 L. Ed. 2d 813 (1983) (§ 1983 action); *Shields v. Beto,* 370 F.2d 1003 (5th Cir. 1967) and *Thompson v. Bannan,* 298 F.2d 611 (6th Cir. 1962) (habeas corpus petitions). A declaratory judgment action may also be available to challenge the DOC and/or BOP policies and procedures. *See, e.g.,* *Merchant v. State of Wyo., Dep't of Corrections,* 2007 WY 159, 168 P.3d 856 (Wyo. 2007) (independent civil action against the DOC and BOP for failure to award special good time credit); *Cosco v. Lampert,* 2010 WY 52, 229 P.3d 962 (Wyo. 2010) (independent civil action against DOC for wrongful deprivation of personal property under the prison's regulations).

[¶26] In his separation of powers argument, Mr. Pfeil contends that Wyoming courts have essentially repealed the post-conviction relief statutes by failing to grant any such requests for a several year period. Again, Mr. Pfeil's complaint is not cognizable in a motion to correct an illegal sentence because he is not challenging the validity of his underlying sentence, but how his sentence is being executed. As we pointed out above, there are other means of securing post conviction relief for the injuries he claims to have suffered, but Mr. Pfeil has not pursued them. His theoretical argument that the courts have effectively repealed those remedies because they are granted only rarely does not support his bald assertion that the remedies do not exist.

### 4. *Motion for Sentence Reduction*

[¶27] Mr. Pfeil requested that his sentence be reduced to the time he has already served. The district court rejected the request as untimely. The plain language of Rule 35(a) limits the time for filing a motion for sentence reduction to one year after the original sentence is final. "If a motion to reduce a sentence is filed outside of the prescribed time

---

[1] Article I, § 8 states: "All courts shall be open and every person for an injury done to person, reputation or property shall have justice administered without sale, denial or delay. Suits may be brought against the state in such manner and in such courts as the legislature may by law direct."

limits, the district court is deprived of jurisdiction to hear the motion." *Tomlin v. State,* 2001 WY 121, ¶ 6, 35 P.3d 1255, 1256 (Wyo. 2001), citing *Reese v. State,* 910 P.2d 1347, 1348 (Wyo. 1996). *See also Hitz,* ¶ 11, 323 P.3d at 1106. The district court's order properly dismissed Mr. Pfeil's request for sentence reduction for lack of jurisdiction.

[¶28] Affirmed.